IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1168**

| | | |
|---|---|---|
| DAVID JACQUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| | ) | JURY DEMAND |
| OFFICER ELIZA, in his individual and | ) | |
| official capacity, CITY OF HARVEY | ) | |
| UNKNOWN OFFICER, in his individual | ) | |
| and official capacities and THE CITY OF | ) | |
| HARVEY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DAVID JACQUES, by and through his attorneys, ELLIOT RICHARDSON, SEAN BAKER, RACHELLE SORG & EDWARD GARRIS, and complaining against the Defendants OFFICER ELIZA, in his individual and official capacity, a City of Harvey Unknown Officer, in his individual and official capacity and THE CITY OF HARVEY, ILLINOIS states as follows:

### JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C.§1367(a).

### PARTIES

2.　The Plaintiff, DAVID JACQUES (hereinafter "PLAINTIFF"), is a citizen of the City of Harvey, County of Cook, in the State of Illinois and a citizen of the United States.

3. The Defendant, OFFICER ELIZA (hereinafter "DEFENDANT OFFICER ELIZA"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

4. The Defendant, UNKNOWN POLICE OFFICER (hereinafter "DEFENDANT UNKNOWN OFFICER"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

5. The Defendant, the CITY OF HARVEY, ILLINOIS (hereinafter "CITY OF HARVEY"), is a duly incorporated Illinois municipal corporation and is the employer and principal of the Defendant Officers.

6. At all times relevant to this Complaint, Defendant OFFICER ELIZA, DEFENDANT UNKNOWN OFFICER and the Defendant CITY OF HARVEY, were acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

7. The claims brought against Defendant OFFICER ELIZA and the DEFENDANT UNKNOWN OFFICER are brought against them in their individual capacity and official capacities.

**FACTS RELATED TO ALL COUNTS**

8. On or about June 10, 2007, the Plaintiff, was at or about 17038 Halsted, City of Harvey, County of Cook, and State of Illinois.

9. At said place and time, Defendant OFFICER ELIZA and said DEFENDANT UNKNOWN OFFICER responded to that location and interacted with the Plaintiff.

10. At said place and time, Defendant OFFICER ELIZA placed the Plaintiff under arrest for the offenses of "Pedestrian Under The Influence" and resisting arrest.

2

11. The Plaintiff was handcuffed and placed in the Defendant Officers' police vehicle.

12. Defendant OFFICER ELIZA and the UNKNOWN CITY OF HARVEY POLICE OFFICER, proceeded to transport the Plaintiff to an unknown location, remove him from the police car and excessively beat the Plaintiff about his head and body.

13. The Plaintiff was subsequently transported to the City of Harvey police department and detained for an unreasonable period of time.

14. Defendant OFFICER ELIZA issued a citation against the Plaintiff for "Pedestrian Under The Influence" and charged the PLAINITFF with resisting a police officer. The charges against the Plaintiff were ultimately dismissed in his favor.

15. On June 10, 2007, the Plaintiff did not assault the Defendant Officers.

16. On June 10, 2007, the Plaintiff did not threaten the Defendant Officers.

17. On June 10, 2007, the Plaintiff did not strike the Defendant Officers.

18. On June 10, 2007, the Plaintiff did not batter the Defendant Officers.

19 As a proximate result of the Defendant Officers' conduct and use of excessive force, the Plaintiff sustained debilitating injuries and incurred medical expenses.

20. As a direct and proximate result of the above-referenced constitutional and state law violations of the Defendant Officers, the Plaintiff was injured, has endured pain, mental anguish, humiliation, been unlawfully detained, faced criminal prosecution and incurred medical and legal expenses.

21. At all times relevant to this Complaint, the Defendants Officers, were acting pursuant to the customs and usages of the City of Harvey, County of Cook, State of Illinois and under color of state law.

## COUNT I
(§1983 Excessive Use of Force by Officer Eliza)

22.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

23.     At all times relevant to this Complaint, Defendant OFFICER ELIZA was acting under the color of state law and within the scope of his employment as a City of Harvey police officer.

24.     Through the above-referenced conduct, the Defendant, Defendant OFFICER ELIZA, violated the Fourth Amendment of the United States Constitution by excessively, violently and repeatedly beating the Plaintiff.

25.     The above-referenced actions of Defendant OFFICER ELIZA constituted an excessive use of force in violation of the United States Constitution.

26.     As a direct and proximate result of the above-referenced constitutional violations of Defendant OFFICER ELIZA, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

27.     As a direct and proximate result of the above-referenced constitutional violations, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief deemed fair and just.

## **COUNT II**
(Excessive Force Against Unknown Officer)

28.　The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

29.　At all times relevant to this Complaint, the DEFENDANT UNKNOWN OFFICER was acting under the color of state law and within the scope of his employment as a City of Harvey police officer.

30.　Through the above-referenced conduct, the Defendant, the DEFENDANT UNKNOWN OFFICER violated the Fourth Amendment of the United States Constitution by excessively, violently and repeatedly beating the Plaintiff.

31.　The above-referenced actions of this Defendant constituted an excessive use of force in violation of the United States Constitution.

32.　As a direct and proximate result of the above-referenced constitutional violations of this DEFENDANT UNKNOWN OFFICER, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

33.　As a direct and proximate result of the above-referenced constitutional violations, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT III
(Section 1983 False Imprisonment Against Officer Eliza)

34. The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

35. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

36. Defendant OFFICER ELIZA caused the Plaintiff to be unlawfully detained on June 10, 2007, even though he was devoid of any justifiable basis and lacked probable cause for said detention, in violation of the Fourth Amendment of the United States Constitution.

37. The aforementioned actions of Defendant OFFICER ELIZA proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from imprisonment lacking probable cause and caused him to be unlawfully detained and imprisoned against his will, causing the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court to enter judgment in his favor and award him compensatory damages, punitive damages, costs, attorney fees and any further relief deemed fair and just.

## COUNT IV
(Section 1983 Unlawful Arrest Against Officer Eliza)

38. The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

39. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

40.     Defendant OFFICER ELIZA caused the Plaintiff to be arrested on June 10, 2007, even though he was devoid of any justifiable basis and lacked probable cause for said arrest, in violation of the Fourth Amendment of the United States Constitution.

41.     The aforementioned actions of Defendant OFFICER ELIZA proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from arrest lacking probable cause and caused him to be unlawfully detained and imprisoned against his will, causing the Plaintiff damage.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, costs, attorney fees and any further relief this Court deems equitable and fair.

## COUNT V
(Due Process Claim Against Defendant Officer Eliza)

42.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

43.     Defendant OFFICER ELIZA's acts and omissions deprived the Plaintiff of rights, privileges and immunities secured to him by the Due Process Clause as contained in Fourteenth Amendment to the United States Constitution.

44.     Defendant OFFICER ELIZA deprived the Plaintiff of his due process rights by filing false charges against him, manipulating evidence and providing false information for the purpose of ensuring that the Plaintiff was charged with criminal offenses.  The above-referenced deprivation of the Plaintiff's rights was material and intentional.

45.     The above-referenced actions of OFFICER ELIZA caused the Plaintiff to be deprived of his constitutional rights and to suffer damages.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, costs, attorney fees and any further relief this Court deems equitable and fair.

## **COUNT VI**
(Assault and Battery Against Officer Eliza – State Claim)

46. The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

47. The actions of Defendant OFFICER ELIZA, as described above, were affirmative acts intended to cause unpermitted contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois. Further, said act directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

48. The acts of Defendant OFFICER ELIZA, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted assault under the laws and constitution of the State of Illinois.

49. As a direct and proximate result of Defendant OFFICER ELIZA's above-referenced actions, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and services related to these injuries.

50. As a direct and proximate result of Defendant OFFICE ELIZA's above-referenced actions, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT VII
(Assault and Battery Against City of Harvey Unknown Officer – State Claim)

51. The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-One (21) of this Complaint as if fully set forth herein.

52. The actions of the DEFENDANT UNKNOWN OFFICER, as described above, were affirmative acts intended to cause un-permitted contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois. Further, said act directly and proximately caused the PLAINTIF'S injuries, pain and suffering as alleged above.

53. The acts of said DEFENDANT UNKNOWN OFFICER, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted assault under the laws and constitution of the State of Illinois.

54. As a direct and proximate result of said DEFENDANT UNKNOWN OFFICER's above-referenced actions, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and services related to these injuries.

55. As a direct and proximate result of said DEFENDANT UNKNOWN OFFICER'S actions, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VIII
(State Law False Imprisonment Against Officer Eliza)

56. The Plaintiff re-alleges, reasserts and incorporates paragraphs one through Twenty-One (21) of this Complaint as if fully set forth herein.

57. Defendant OFFICER ELIZA filed criminal charges against the Plaintiff and caused him to be arrested even though he lacked probable cause for said actions.

58. Defendant OFFICER ELIZA's wrongful conduct restrained the Plaintiff's liberty, thereby causing him to suffer damages.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, attorney fees and any further relief this Court deems equitable and fair.

## COUNT IX
(State Law Malicious Prosecution Against Officer Eliza)

59. The Plaintiff re-alleges, restates and incorporates paragraphs one through Twenty-One (21) of this Complaint as if fully set forth herein.

60. On June 10, 2007, Defendant OFFICER ELIZA caused the Plaintiff to be arrested and charged with various crimes without probable cause.

61. Criminal proceedings were instituted against the Plaintiff based upon the allegations made by Defendant OFFICER ELIZA. Said allegations made by Defendant OFFICER ELIZA, against the Plaintiff, were made without probable cause

62. Defendant OFFICER ELIZA maliciously instituted criminal proceedings against the Plaintiff resulting in injury and legal expense.

63. All charges arising out of the criminal proceedings instituted by the Defendant OFFICER ELIZA were terminated in Plaintiff's favor in a manner indicative of his actual innocence.

64. The aforementioned actions of Defendant OFFICER ELIZA proximately caused the Plaintiff to suffer anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

WHEREFORE, the Plaintiff, DAVID JACQUES, requests that this Court enter judgment in his favor and against Defendant OFFICER ELIZA, and award him compensatory damages, the costs incurred in this matter, and further relief this Court deems just.

## COUNT X
(Willful and Wanton Conduct – State Law Claims)

65. The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-Four (64) of this Complaint as if fully set forth herein.

66. On June 10, 2007, the Defendant CITY OF HARVEY, by and through its employees/agents, had a duty to refrain from acting in a willful and wanton manner during said employees/agents interactions with the Plaintiff.

67. Notwithstanding the above-referenced duty, the Defendant CITY OF HARVEY, by and through its employees/agents, engaged in the following willful and wanton conduct:

    a. Beat the Plaintiff about the face and body;

    b. Arrested the Plaintiff without cause;

    c. Filed false charges against the Plaintiff; and

      d.      Withheld necessary medical treatment from the Plaintiff for an unreasonable and dangerous period of time.

68.     As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and services related to these injuries.

69.     As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

70.     As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has suffered anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

WHEREFORE, the Plaintiff, DAVID JACQUES, requests that this Court enter judgment in his favor and against CITY OF HARVEY and award him compensatory damages, the costs incurred in this matter, and further relief this Court deems just.

## **COUNT XI**
(State Law 745 ILCS 10/9-102 Claim against the City of Harvey, Illinois)

71.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-Four (64) of this Complaint as if fully set forth herein.

72.     The Defendant CITY OF HARVEY, was at all times relevant to this complaint charged with oversight of the Harvey Police Department and its officers.

73.     The Defendant CITY OF HARVEY was at all times relevant to this complaint the employer of the Defendant OFFICER ELIZA and the DEFENDANT UNKNOWN OFFICER.

74. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY OF HARVEY.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that should the Defendant Officers be found liable for the acts alleged above, the Defendant CITY OF HARVEY, pursuant to 745 ILCS 10/9-102, pay any judgment the Plaintiff obtains against the Defendant Officers as a result of this Complaint.

## COUNT XII
(State Claim - Respondeat Superior)

75. The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-Four (64) of this Complaint as if fully set forth herein.

76 Defendant OFFICER ELIZA and the DEFENDANT UNKNOWN OFFICER were at all times relevant to this complaint employees with the CITY OF HARVEY, and engaged in the conduct complained of in the course and scope of their employment.

77. The Defendant CITY OF HARVEY, is and was at all times material to this complaint the employer and principal of the Defendant Officers.

78. The aforesaid acts of the Defendant Officers were in the scope of their employment with the Defendant CITY OF HARVEY and were willful and wanton, and therefore the Defendant CITY OF HARVEY, as principal of said Defendant Officers is liable for the actions of these employees/agent under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiff, DAVID JACQUES, demands judgment against Defendant CITY OF HARVEY, and such other additional relief, as this Court deems equitable and just.

Respectfully Submitted,

 /s/ EDWARD GARRIS
One of Plaintiff's Attorneys

ELLIOT RICHARDSON & ASSOCIATES, LLC
20 S. Clark Street, Ste. 500
Chicago, Illinois 60603
(312) 676-2100 (t)
(312) 372-7076 (f)
ARDC #: 6286217

BLAKE HORWITZ
155 N. Michigan, Ste. 723
Chicago, Illinois 60601
(312) 616-4433 (t)
(312) 565-7173 (f)
ARDC #: 6200803