**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID JACQUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   08 C 1168 |
| ) | |
| ) | JURY DEMAND |
| ) | |
| OFFICER ELZIA, in his individual capacity, ) | |
| CITY OF HARVEY UNKNOWN OFFICER, in ) | |
| his individual capacity; MAYOR ERIC KELLOGG, ) | |
| in his individual capacity; and THE CITY OF ) | |
| HARVEY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, DAVID JACQUES, by and through his attorneys, HORWITZ, RICHARDSON & BAKER, LLC, and complaining against the Defendants OFFICER ELZIA, in his individual capacity, a CITY OF HARVEY UNKNOWN OFFICER, in his individual capacity, MAYOR ERIC KELLOGG, in his individual capacity, and THE CITY OF HARVEY, ILLINOIS, states as follows:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**PARTIES**

2. The Plaintiff, DAVID JACQUES, is a citizen of the City of Harvey, County of Cook, in the State of Illinois and a citizen of the United States.

3. The Defendant, OFFICER ELZIA ("OFFICER ELZIA"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

4. The Defendant, UNKNOWN POLICE OFFICER ("UNKNOWN OFFICER"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

5. The Defendant, MAYOR ERIC KELLOGG ("KELLOGG"), was at all times relevant to this complaint a duly appointed and public official of the City of Harvey, County of Cook, in the State of Illinois.

6. The Defendant, the CITY OF HARVEY, ILLINOIS ("CITY OF HARVEY"), is a duly incorporated Illinois municipal corporation and is the employer and principal of the individual Defendants.

7. At all times relevant to this Complaint, Defendant OFFICER ELZIA and Defendant UNKNOWN OFFICER (collectively "DEFENDANT OFFICERS") were acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

8. At all times relevant to this Complaint, Defendant KELLOGG was acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

**FACTS RELATED TO ALL COUNTS**

9. On or about June 10, 2007, the Plaintiff was at or about 17038 Halsted, City of Harvey, County of Cook, and State of Illinois.

10. At said place and time, the DEFENDANT OFFICERS responded to that location and interacted with the Plaintiff.

11. At said place and time, Defendant OFFICER ELZIA placed the Plaintiff under arrest for the offenses of "Pedestrian Under the Influence" and resisting arrest.

12. The Plaintiff was handcuffed and placed in the DEFENDANT OFFICERS' police vehicle.

13. The DEFENDANT OFFICERS proceeded to transport the Plaintiff to an unknown location, remove him from the police car and excessively beat the Plaintiff about his head and body.

14. The Plaintiff was subsequently transported to the City of Harvey police department and detained for an unreasonable period of time.

15. Defendant OFFICER ELZIA issued a citation against the Plaintiff for "Pedestrian Under The Influence" and charged the Plaintiff with resisting a police officer. The charges against the Plaintiff were ultimately resolved in a manner indicative of innocence.

16. On June 10, 2007, the Plaintiff did not assault, threaten, strike and/or batter the DEFENDANT OFFICERS.

17. On June 10, 2007, the Plaintiff did commit any act that was contrary to the laws or ordinances of the City of Harvey or the State of Illinois.

18. As a proximate result of the DEFENDANT OFFICERS' conduct and use of excessive force, the Plaintiff sustained debilitating injuries and incurred medical expenses.

19. As a direct and proximate result of the above-referenced constitutional and state law violations of the DEFENDANT OFFICERS, the Plaintiff was injured, has endured pain, mental anguish, humiliation, been unlawfully detained, faced criminal prosecution and incurred medical and legal expenses.

20. Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

   a. agreeing not to report each other after witnessing him being beaten;

   b. collectively beating and/or failing to intervene in the beating;

   c. generating false documentation to cover-up for their own misconduct;

   d. withhold information from the Office of the State's Attorney, knowing that by withholding the information, the Plaintiff would suffer the consequences of having to defend frivolous criminal litigation, which, if the Plaintiff were found guilty, would cause him to be subject to severe penalties in the form of thousands of dollars as well as long period of time in jail.

21. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, *inter alia*, suffer emotional damage.

22. It is the custom, practice and policy of police officers and/or their

supervisors/agents and/or other employees of the CITY OF HARVEY to perform the following acts and/or omissions in connection with allegations of misconduct[1] that are directed at the City of Harvey:

    a. individuals for the CITY OF HARVEY generate false documentation to cover-up for the misconduct police officers;

    b. supervisory individuals from the CITY OF HARVEY fail to properly discipline officers from said police department that have committed an act of misconduct upon another; and

    c. supervisory individuals from the CITY OF HARVEY fail to properly investigate a complaint of misconduct perpetrated by a CITY OF HARVEY police officer, upon another.

23. Supervisory individuals from the CITY OF HARVEY fail to take proper remedial action against a CITY OF HARVEY police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by said officer. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF HARVEY for a significant period of time, so much so, that police officers for the CITY OF HARVEY recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF HARVEY in order to permit said conduct to re-occur.

24. A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

25. Examples of the alleged illegal and/or alleged inappropriate conduct of Harvey Police Officers is as follows:

---

[1] Misconduct here refers to criminal acts of all type, false arrests, excessive force and malicious prosecution.

5

    i.      <u>Officer Williams</u>[2]

       I. was employed by the City of Harvey after being discharged from the national guard after testing positive for marijuana;

      II. paddled a child with a hunk of wood found in a garbage can and failed to notify his parents;

     III. stole $1,700.00 from 6 innocent civilians;

     IV. failed to provide medical attention to an individual (arrestee from a traffic stop) who he has severely beaten (dislocated shoulder, broken teeth).

    ii.     <u>Commander Gentry</u>[3]

       I. was a member of the Vice Lord Gang;

      II. was fired in 2002 for using his influence as a Vice Lord gang member to coerce a confession but was then rehired in 2003 after working on Defendant KELLOGG'S campaign;

     III. aided his fellow Vice Lord gang members by providing false information to prosecutors in a criminal action.

    iii.    <u>Deputy Brian Smith</u>[4]

       I. committed an aggravated assault on his girlfriend (pointing a semi-automatic weapon, during a verbal dispute);

      II. failed to report an inmate's injuries (broken jaw) at the station.

    iv.    <u>Commander Keel</u>[5]

       I. Terminated in 2002 for:

         a. failing to activate microphone while engaged in suspicious conduct with civilians;

         b. making oral threats (I'll lock your ass up * * * and kick your ass and ** fuck you up;"

         c. striking a pedestrian and yelling at onlookers "let me make sure the camera ain't on;"

---

[2] Plaintiff asserts that these are allegations.
[3] Plaintiff asserts that these are allegations.
[4] Plaintiff asserts that these are allegations.
[5] Plaintiff asserts that these are allegations.

    II. REHIRED as Commander after working on Defendant KELLOGG'S campaign. During his appointment as Commander, he has stated:

        a. "all police officers have taken money and when you take money, just don't have any eye witnesses around who can testify against you;"

        b. don't report officers who steel money;

        c. ordered officers to remove cameras from their vehicles when he struck and threatened civilians with a baseball bat;

    III. Has taken bribes from drug dealers.

    v. <u>Officer Shaffer</u>[6]

Terminated in retaliation for speaking out against a loitering policy where innocent people would be charged with loitering and jailed for 2-3 days.

    vi. <u>Officer McGee</u>[7]

Raped a homeless woman.

    vii. <u>Officer Marvin Wynne</u>[8]

Raped a civilian.

    viii. <u>Officer Vince Vance</u>[9]

Raped a woman in lock-up.

    ix. <u>Officer Charles Hill</u>[10]

Threatened an unarmed man with a gun during a verbal argument.

---

[6] Plaintiff asserts that these are allegations.
[7] Plaintiff asserts that these are allegations.
[8] Plaintiff asserts that these are allegations.
[9] Plaintiff asserts that these are allegations.
[10] Plaintiff asserts that these are allegations.

      x.   Chief of Police Denard Eaves[11]

          I.    Was fired by former Mayor Nick Graves for being "incompetent"

          II.   Incited a crowd of onlookers to accost a Southtown Star photographer

          III.  Misrepresented the details of an automobile crash on a public access television program aired in the City of Harvey and lied about his own actions that day, but was not disciplined by Defendant KELLOGG.

26.     The CITY OF HARVEY is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein.

## COUNT I
(§1983 Excessive Use of Force Claim Against OFFICER ELZIA)

27.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

28.     At all times relevant to this Complaint, Defendant OFFICER ELZIA was acting under the color of state law and within the scope of his employment as a City of Harvey police officer.

29.     Through the above-referenced conduct, Defendant OFFICER ELZIA violated the Fourth Amendment of the United States Constitution by excessively, violently and repeatedly beating the Plaintiff.

30.     The above-referenced actions of Defendant OFFICER ELZIA constituted an excessive use of force in violation of the United States Constitution.

---

[11] Plaintiff asserts that these are allegations.

8

31. As a direct and proximate result of the above-referenced constitutional violations of Defendant OFFICER ELZIA, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and services related to these injuries.

32. As a direct and proximate result of the above-referenced constitutional violations, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief deemed fair and just.

## COUNT II
(Section 1983 Unlawful Arrest Claim Against OFFICER ELZIA)

33. The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

34. This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

35. Defendant OFFICER ELZIA caused the Plaintiff to be arrested on June 10, 2007, even though he was devoid of any justifiable basis and lacked probable cause for said arrest, in violation of the Fourth Amendment of the United States Constitution.

36. The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from arrest

lacking probable cause and caused him to be unlawfully detained and imprisoned against his will, causing the Plaintiff damage.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, costs, attorney fees and any further relief this Court deems equitable and fair.

## **COUNT III**
(Section 1983 Liability Claim Against MAYOR KELLOGG)

37. The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

38. This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

39. Defendant KELLOGG acted with deliberate indifference and reckless disregard by failing to properly insure that the criminal conduct of his police staff was properly investigated and disciplined, turning a blind eye to repeated and systemic abuses of the constitutional rights of citizens, including the Plaintiff, and intentionally hiring high ranking officials to serve in the Harvey Police Department who have committed criminal conduct and/or abusive acts towards others.

40. Defendant KELLOGG had knowledge of said constitutional abuses but failed to take any action whatsoever to stop the abuses.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IV
### *MONELL*

41.     The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF HARVEY, costs and attorney's fees.  Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT V
(Assault and Battery Against Defendant OFFICER ELZIA – State Claim)

42.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

43.     The actions of Defendant OFFICER ELZIA, as described above, were affirmative acts intended to cause impermissible contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois.  Further, said act directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

44.     The acts of Defendant OFFICER ELZIA, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted assault under the laws and constitution of the State of Illinois.

45.     As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

46. As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award the Plaintiff compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT VI
(State Law False Imprisonment Against Defendant OFFICER ELZIA)

47. The Plaintiff re-alleges, reasserts and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

48. Defendant OFFICER ELZIA filed criminal charges against the Plaintiff and caused him to be arrested even though he lacked probable cause for said actions.

49. Defendant OFFICER ELZIA's wrongful conduct restrained the Plaintiff's liberty, thereby causing him to suffer damages.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, attorney fees and any further relief this Court deems equitable and fair.

### COUNT VII
(State Law Malicious Prosecution Against Officer Elzia)

50. The Plaintiff re-alleges, restates and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

51. On June 10, 2007, Defendant OFFICER ELZIA caused the Plaintiff to be arrested and charged with various crimes without probable cause.

12

52. Criminal proceedings were instituted against the Plaintiff based upon the allegations made by Defendant OFFICER ELZIA. Said allegations made by Defendant OFFICER ELZIA, against the Plaintiff, were made without probable cause

53. Defendant OFFICER ELZIA maliciously instituted criminal proceedings against the Plaintiff resulting in injury and legal expense.

54. All charges arising out of the criminal proceedings instituted by the Defendant OFFICER ELZIA were terminated in Plaintiff's favor in a manner indicative of his actual innocence.

55. The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to suffer anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

WHEREFORE, the Plaintiff, DAVID JACQUES, requests that this Court enter judgment in his favor and against Defendant OFFICER ELZIA, and award him compensatory damages, the costs incurred in this matter, and further relief this Court deems just.

## COUNT VIII
(Willful and Wanton Conduct – State Law Claims)

56. The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

57. On June 10, 2007, the Defendant CITY OF HARVEY, by and through its employees/agents, had a duty to refrain from acting in a willful and wanton manner during said employees/agents interactions with the Plaintiff.

58. Notwithstanding the above-referenced duty, the Defendant CITY OF HARVEY, by and through its employees/agents, engaged in the following willful and wanton conduct:

    a. Beat the Plaintiff about the face and body;

    b. Arrested the Plaintiff without cause;

    c. Filed false charges against the Plaintiff; and

    d. Withheld necessary medical treatment from the Plaintiff for an unreasonable and dangerous period of time.

59. As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and services related to these injuries.

60. As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

61. As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has suffered anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

WHEREFORE, the Plaintiff, DAVID JACQUES, requests that this Court enter judgment in his favor and against CITY OF HARVEY and award him compensatory damages, the costs incurred in this matter, and further relief this Court deems just.

**COUNT IX**
(State Law 745 ILCS 10/9-102 Claim against the City of Harvey, Illinois)

62. The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

63. The Defendant CITY OF HARVEY was at all times relevant to this complaint charged with oversight of the Harvey Police Department and its officers.

64. The Defendant CITY OF HARVEY was at all times relevant to this complaint the employer of the Defendant OFFICER ELZIA and the DEFENDANT UNKNOWN OFFICER.

65. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY OF HARVEY.

WHEREFORE, the Plaintiff, DAVID JACQUES, respectfully requests that should the Defendant Officers be found liable for the acts alleged above, the Defendant CITY OF HARVEY, pursuant to 745 ILCS 10/9-102, pay any judgment the Plaintiff obtains against the Defendant Officers as a result of this Complaint.

## COUNT X
(State Claim - Respondeat Superior)

66. The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

67. The aforesaid acts of the Defendants were within the scope of their employment and therefore the Defendant CITY OF HARVEY as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the Defendant Officers be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF HARVEY and such other additional relief, as this Court deems equitable and just.

Dated:  May 16, 2008

Respectfully Submitted,

 /s/ Rachelle M. Sorg
One of Plaintiff's Attorneys

HORWITZ, RICHARDSON & BAKER, LLC
20 S. Clark Street, Ste. 500
Chicago, Illinois 60603
(312) 676-2100 (t)
(312) 372-7076 (f)
ARDC #: 6287455