IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JACQUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  08 C 1168 |
| vs. | ) | |
| | ) | Hon. Judge Holderman |
| | ) | |
| OFFICER ELZIA, in his individual capacity, | ) | Magistrate Judge Nolan |
| CITY OF HARVEY UNKNOWN OFFICER, in | ) | |
| his individual capacity; MAYOR ERIC KELLOGG, | ) | |
| in his individual capacity; and THE CITY OF | ) | |
| HARVEY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KRAIG ELZIA'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT AT LAW

Defendant, Kraig Elzia, Jr., by his attorneys, Laura C. Liu, Kelly M. Cherf, and J. Michael Tecson, for his Answer and Affirmative Defenses to the First Amended Complaint at Law, states the following:

### JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**ANSWER:**     Defendant Elzia admits the allegations in Paragraph 1.

### PARTIES

2.     The Plaintiff, DAVID JACQUES, is a citizen of the City of Harvey, County of Cook, in the State of Illinois and a citizen of the United States.

**ANSWER:**    Defendant Elzia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2.

3.    The Defendant, OFFICER ELZIA ("OFFICER ELZIA"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    Defendant Elzia admits the allegations in Paragraph 3.

4.    The Defendant, UNKNOWN POLICE OFFICER ("UNKNOWN OFFICER"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    The allegations in Paragraph 4 are not directed to Defendant Elzia and therefore he makes no response thereto.

5.    The Defendant, MAYOR ERIC KELLOGG ("KELLOGG"), was at all times relevant to this complaint a duly appointed and public official of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    The allegations in Paragraph 5 are not directed to Defendant Elzia and therefore he makes no response thereto.

6.    The Defendant, the CITY OF HARVEY, ILLINOIS ("CITY OF HARVEY"), is a duly incorporated Illinois municipal corporation and is the employer and principal of the individual Defendants.

**ANSWER:**    Defendant Elzia admits that, at all times relevant, he was employed by the City of Harvey as a police officer with the Harvey Police Department. Defendant Elzia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.      At all times relevant to this Complaint, Defendant OFFICER ELZIA, Defendant UNKNOWN OFFICER (collectively "DEFENDANT OFFICERS") were acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

**ANSWER:**     Defendant Elzia admits that, at all times relevant, he was employed as a police officer by the City of Harvey and acting within the scope of his authority under the color of state law.  Defendant Elzia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8.      At all times relevant to this Complaint, Defendant KELLOGG was acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

**ANSWER:**     The allegations in Paragraph 8 are not directed to Defendant Elzia and therefore he makes no response thereto.

## FACTS RELATED TO ALL COUNTS

9.      On or about June 10, 2007, the Plaintiff was at or about 17038 Halsted, City of Harvey, County of Cook, and State of Illinois.

**ANSWER:**     Defendant Elzia admits the allegations in Paragraph 9.

10.     At said place and time, the DEFENDANT OFFICERS responded to that location and interacted with the Plaintiff.

**ANSWER:**     Objection to the terms "responded to that location" and "interacted" because they are vague and ambiguous, and do not provide sufficient notice as to the allegations asserted against Defendant Elzia in Paragraph 10.  Notwithstanding the foregoing objection, Defendant Elzia admits that on June 10, 2007, he and another police

officer responded to a dispatch concerning a disturbance call from a club located at 17038

Halsted, in Harvey, Illinois.  The officers drove to the location and upon their arrival,

encountered Plaintiff sitting on top of a vehicle in the parking lot of the club.

11.    At said place and time, Defendant OFFICER ELZIA placed the Plaintiff under

arrest for the offenses of "Pedestrian Under the Influence" and resisting arrest.

**ANSWER:**    Defendant Elzia admits the allegations in Paragraph 11.

12.    The Plaintiff was handcuffed and placed in the DEFENDANT OFFICERS' police

vehicle.

**ANSWER:**    Defendant Elzia admits the allegations in Paragraph 12.

13.    The DEFENDANT OFFICERS proceeded to transport the Plaintiff to an

unknown location, remove him from the police car and excessively beat the Plaintiff about his

head and body.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 13.

14.    The Plaintiff was subsequently transported to the City of Harvey police

department and detained for an unreasonable period of time.

**ANSWER:**    Defendant Elzia admits that Plaintiff was transported to the City of Harvey

police department on or about 11:30 p.m. on June 10, 2007.  Defendant Elzia denies the

remaining allegations in Paragraph 14.

15.    Defendant OFFICER ELZIA issued a citation against the Plaintiff for "Pedestrian

Under The Influence" and charged the Plaintiff with resisting a police officer.  The charges

against the Plaintiff were ultimately resolved in a manner indicative of innocence.

**ANSWER:**    Defendant Elzia admits that he issued a citation against Plaintiff for

"Pedestrian Under the Influence" and charged Plaintiff with resisting a police officer.

Defendant Elzia denies that Plaintiff was innocent of the foregoing charges.  Defendant

Elzia lacks knowledge or information sufficient to form a belief as to the remaining

allegations in Paragraph 15.

16.    On June 10, 2007, the Plaintiff did not assault, threaten, strike and/or batter the

DEFENDANT OFFICERS.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 16.

17.    On June 10, 2007, the Plaintiff did commit any act that was contrary to the laws

or ordinances of the City of Harvey or the State of Illinois.

**ANSWER:**    Defendant Elzia admits that Plaintiff committed acts on June 10, 2007 that

were contrary to the laws and/or ordinances of the City of Harvey, Illinois, and which

resulted in the issuance of citation against Plaintiff.

18.    As a proximate result of the DEFENDANT OFFICERS' conduct and use of

excessive force, the Plaintiff sustained debilitating injuries and incurred medical expenses.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 18.

19.    As a direct and proximate result of the above-referenced constitutional and state

law violations of the DEFENDANT OFFICERS, the Plaintiff was injured, has endured pain,

mental anguish, humiliation, been unlawfully detained, faced criminal prosecution and incurred

medical and legal expenses.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 19.

20.    Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

a.    agreeing not to report each other after witnessing him being beaten;

b.    collectively beating and/or failing to intervene in the beating;

c.    generating false documentation to cover-up for their own misconduct;

  d. withhold information from the Office of the State's Attorney, knowing that by withholding the information, the Plaintiff would suffer the consequences of having to defend frivolous criminal litigation, which, if the Plaintiff were found guilty, would cause him to be subject to severe penalties in the form of thousands of dollars as well as long period of time in jail.

  **ANSWER:** Defendant Elzia denies the allegations in Paragraph 20, subparagraphs (a) through (d) inclusive.

  21. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, *inter alia*, suffer emotional damage.

  **ANSWER:** Defendant Elzia denies the allegations in Paragraph 21.

  22. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF HARVEY to perform the following acts and/or omissions in connection with allegations of misconduct[1] that are directed at the City of Harvey:

  a. individuals for the CITY OF HARVEY generate false documentation to cover-up for the misconduct police officers;

  b. supervisory individuals from the CITY OF HARVEY fail to properly discipline officers from said police department that have committed an act of misconduct upon another; and

  c. supervisory individuals from the CITY OF HARVEY fail to properly investigate a complaint of misconduct perpetrated by a CITY OF HARVEY police officer, upon another.

---

[1] Misconduct here refers to criminal acts of all type, false arrests, excessive force and malicious prosecution.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 22.

23.    Supervisory individuals from the CITY OF HARVEY fail to take proper remedial action against a CITY OF HARVEY police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by said officer. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF HARVEY for a significant period of time, so much so, that police officers for the CITY OF HARVEY recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF HARVEY in order to permit said conduct to re-occur.

**ANSWER:**    The allegations in Paragraph 23 are not directed to Defendant Elzia and therefore he makes no response thereto.

24.    A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 24.

25.    Examples of the alleged illegal and/or alleged inappropriate conduct of Harvey Police Officers is as follows:

    i.    <u>Officer Williams</u>

       I.    was employed by the City of Harvey after being discharged from the national guard after testing positive for marijuana

      II.    paddled a child with a hunk of wood found in a garbage can and failed to notify his parents;

    III.    stole $1,700.00 from innocent civilians;

    IV.  failed to provide medical attention to an individual (arrestee from a traffic stop) who he has severely beaten (dislocated shoulder, broken teeth).

ii.    <u>Commander Gentry</u>

    I.  was a member of the Vice Lord Gang;

    II.  was fired in 2002 for using his influence as a Vice Lord gang member to coerce a confession but was then rehired in 2003 after working on Defendant KELLOGG'S campaign;

    III.  aided his fellow Vice Lord gang members by providing false information to prosecutors in a criminal action.

iii.    <u>Deputy Brian Smith</u>

    I.  committed an aggravated assault on his girlfriend (pointing a semi-automatic weapon, during a verbal dispute);

    II.  failed to report an inmate's injuries (broken jaw) at the station

iv.    <u>Commander Keel</u>

    I.  Terminated in 2002 for:

        a.  failing to activate microphone while engaged in suspicious conduct with civilians;

        b.  making oral threats (I'll lock your ass up *** and kick your ass and *** fuck you up;"

        c.  striking a pedestrian and yelling at onlookers "let me make sure the camera ain't on;"

    II.  REHIRED as Commander after working on Defendant KELLOGG'S campaign.  During his appointment as Commander, he has stated:

        a.  "all police officers have taken money and when you take money, just don't have any eye witnesses around who can testify against you;"

        b.  don't report officers who steel [sic] money;

        c.  ordered officers to remove cameras from their vehicles when he struck and threatened civilians with a baseball bat;

      III.  Has taken bribes from drug dealers.

    v.      <u>Officer Shaffer</u>

Terminated in retaliation for speaking out against a loitering policy where innocent people would be charged with loitering and jailed for 2-3 days.

    vi.     <u>Officer McGee</u>

Raped a homeless woman.

    vii.    <u>Officer Marvin Wynne</u>

Raped a civilian.

    viii.   <u>Officer Vince Vance</u>

Raped a woman in lock-up.

    ix.     <u>Officer Charles Hill</u>

Threatened an unarmed man with a gun during a verbal argument.

    x.      <u>Chief of Police Denard Eaves</u>

      I.  Was fired by former Mayor Nick Graves for being "incompetent"

      II.  Incited a crowd of onlookers to accost a Southtown Star photographer

      III.  Misrepresented the details of an automobile crash on a public access television program aired in the City of Harvey and lied about his own actions that day, but was not disciplined by Defendant KELLOGG.

**ANSWER:**    The allegations in Paragraph 25 are not directed to Defendant Elzia and therefore he makes no response thereto.

26.    The CITY OF HARVEY is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein.

**ANSWER:**    Defendant Elzia admits that, on the date of the alleged incident, he was employed by the City of Harvey.  He is not presently employed by the City of Harvey.

9

Defendant Elzia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26.

## COUNT I
(§1983 Excessive Use of Force Claim Against Officer Eliza)

27.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant Elzia restates his answers and responses to Paragraphs 1 through 26 as his answer to Paragraph 27 of Count I.

28.    At all times relevant to the Complaint, Defendant OFFICER ELZIA was acting under the color of state law and within the scope of his employment as a City of Harvey police officer.

**ANSWER:**    Defendant Elzia admits the allegations in Paragraph 28.

29.    Through the above-referenced conduct, Defendant OFFICER ELZIA violated the Fourth Amendment of the United States Constitution by excessively, violently and repeatedly beating the Plaintiff.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 29.

30.    The above-referenced actions of Defendant OFFICER ELZIA constituted an excessive use of force in violation of the United States Constitution.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 30.

31.    As a direct and proximate result of the above-referenced constitutional violations of Defendant OFFICER ELZIA, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 31.

32.     As a direct and proximate result of the above-referenced constitutional violations, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 32.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count I, and prays that this Court dismiss Count I of the First Amended Complaint and enter judgment against Plaintiff and for Defendant Elzia, with costs and fees, and such other relief as is appropriate and just.

**COUNT II**
(Section 1983 Unlawful Arrest Claim Against OFFICER ELZIA)

33.     The Plaintiff re-alleges, restates and incorporates paragraphs One though Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**     Defendant Elzia restates his answers and responses to Paragraphs 1 through 26 as his answer to Paragraph 33 of Count II.

34.     This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**     Defendant Elzia admits that Plaintiff seeks to assert a claim under Count II pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

35.     Defendant OFFICER ELZIA caused the Plaintiff to be arrested on June 10, 2007, even though he was devoid of any justifiable basis and lacked probable cause for said arrest, in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 35.

36.    The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from arrest lacking probable cause and caused him to be unlawfully detained and imprisoned against his will, causing the Plaintiff damage.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 36.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count II, and prays that this Court dismiss Count II of the First Amended Complaint and enter judgment against Plaintiff and for Defendant Elzia, with costs and fees, and such other relief as is appropriate and just.

### COUNT III
(Section 1983 Liability Claim Against MAYOR KELLOGG)

37.    The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    The allegations in Paragraph 37 are not directed to Defendant Elzia and therefore he makes no response thereto.

38.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**    The allegations in Paragraph 38 are not directed to Defendant Elzia and therefore he makes no response thereto.

39.    Defendant KELLOGG acted with deliberate indifference and reckless disregard by failing to properly insure that the criminal conduct of his police staff was properly investigated and disciplined, turning a blind eye to repeated and systemic abuses of the constitutional rights of citizens, including the Plaintiff, and intentionally hiring high ranking

officials to serve in the Harvey Police Department who have committed criminal conduct and/or abusive acts towards others.

**ANSWER:**     The allegations in Paragraph 39 are not directed to Defendant Elzia and therefore he makes no response thereto.

40.     Defendant KELLOGG had knowledge of said constitutional abuses but failed to take any action whatsoever to stop the abuses.

**ANSWER:**     The allegations in Paragraph 40 are not directed to Defendant Elzia and therefore he makes no response thereto.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count III because none of the allegations in Count III are directed to him.

## COUNT IV
### *MONELL*

41.     The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**     The allegations in Paragraph 41 are not directed to Defendant Elzia and therefore he makes no response thereto.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count IV because none of the allegations in Count IV are directed to him.

## COUNT V
(Assault & Battery Against Defendant OFFICER ELZIA – State Claim)

42.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**     Defendant Elzia restates his answers and responses to Paragraphs 1 through 26 as his answer to Paragraph 42 of Count V.

43.     The actions of Defendant OFFICER ELZIA, as described above, were affirmative acts intended to cause impermissible contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois.  Further, said act directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 43.

44.     The acts of Defendant OFFICER ELZIA, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted assault under the laws and constitution of the State of Illinois.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 44.

45.     As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 45.

46.     As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 46.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count V, and prays that this Court dismiss Count V of the First Amended

14

Complaint and enter judgment against Plaintiff and for Defendant Elzia, with costs and fees, and such other relief as is appropriate and just.

## COUNT VI
### (State Law False Imprisonment Against Defendant OFFICER ELIZA)

47.     The Plaintiff re-alleges, reasserts and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**     Defendant Elzia restates his answers and responses to Paragraph 1 through 26 as his answer to Paragraph 47 of Count VI.

48.     Defendant OFFICER ELZIA filed criminal charges against the Plaintiff and caused him to be arrested even though he lacked probable cause for said actions.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 48.

49.     Defendant OFFICER ELZIA's wrongful conduct restrained the Plaintiff's liberty, thereby causing him to suffer damages.

**ANSWER:**     Defendant Elzia denies the allegations in Paragraph 49.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count VI, and prays that this Court dismiss Count VI of the First Amended Complaint and enter judgment against Plaintiff and for Defendant Elzia, with costs and fees, and such other relief as is appropriate and just.

## COUNT VII
### (State Law Malicious Prosecution Against Officer Eliza)

50.     The Plaintiff re-alleges, restates and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**     Defendant Elzia restates his answers and responses to Paragraphs 1 through 26 as his answer to Paragraph 50 of Count VII.

51.    One June 10, 2007, Defendant OFFICER ELZIA caused the Plaintiff to be arrested and charged with various crimes without probable cause.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 51.

52.    Criminal proceedings were instituted against the Plaintiff based upon the allegations made by Defendant OFFICER ELZIA.  Said allegations made by Defendant OFFICER ELZIA, against the Plaintiff, were made without probable cause.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 52.

53.    Defendant OFFICER ELZIA maliciously instituted criminal proceedings against the Plaintiff resulting in injury and legal expense.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 53.

54.    All charges arising out of the criminal proceedings instituted by the Defendant OFFICER ELZIA were terminated in Plaintiff's favor in a manner indicative of his actual innocence.

**ANSWER:**    Defendant Elzia denies that Plaintiff was innocent of the charges of being a pedestrian under the influence and resisting a peace officer.  Defendant Elzia lacks sufficient information to admit or deny the remaining allegations in Paragraph 54.

55.    The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to suffer anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

**ANSWER:**    Defendant Elzia denies the allegations in Paragraph 55.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him, and prays that this Court dismiss Count VII of the Complaint and enter judgment

against Plaintiff and for Defendant Elzia with costs and fees, and such other relief as is appropriate and just.

## COUNT VIII
(Willful and Wanton Conduct – State Law Claims)

56.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth here.

**ANSWER:**     The allegations in Paragraph 56 are not directed to Defendant Elzia and therefore he makes no response thereto.

57.     On June 10, 2007, the Defendant CITY OF HARVEY, by and though its employees/ agents, had a duty to refrain from acting in a willful and wanton manner during said employees/agents interactions with the Plaintiff.

**ANSWER:**     The allegations in Paragraph 57 are not directed to Defendant Elzia and therefore he makes no response thereto.

58.     Notwithstanding the above-referenced duty, the Defendant CITY OF HARVEY, by and through its employees/agents, engaged in the following willful and wanton conduct:

      a.     Beat the Plaintiff about the face and body;

      b.     Arrested the Plaintiff without cause;

      c.     Filed false charges against the Plaintiff; and

      d.     Withheld necessary medical treatment from the Plaintiff for an unreasonable and dangerous period of time.

**ANSWER:**     The allegations in Paragraph 58 are not directed to Defendant Elzia and therefore he makes no response thereto.

59.    As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and serves related to these injuries.

**ANSWER:**    The allegations in Paragraph 59 are not directed to Defendant Elzia and therefore he makes no response thereto.

60.    As direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**    The allegations in Paragraph 60 are not directed to Defendant Elzia and therefore he makes no response thereto.

61.    As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has suffered anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

**ANSWER:**    The allegations in Paragraph 61 are not directed to Defendant Elzia and therefore he makes no response thereto.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count VIII, because none of the allegations in Count VIII are directed to him.

## COUNT IX
(State Law 745 ILCS 10/9-102 Claim against City of Harvey, Illinois)

62.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

**ANSWER:**    The allegations in Paragraph 62 are not directed to Defendant Elzia and therefore he makes no response thereto.

63.    The Defendant CITY OF HARVEY was at all times relevant to this complaint charged with oversight of the Harvey Police Department and its officers.

**ANSWER:**    The allegations in Paragraph 63 are not directed to Defendant Elzia and therefore he makes no response thereto.

64.    The Defendant CITY OF HARVEY was at all times relevant to this complaint the employer of the Defendant OFFICER ELZIA and the DEFENDANT UNKNOWN OFFICER.

**ANSWER:**    The allegations in Paragraph 64 are not directed to Defendant Elzia and therefore he makes no response thereto.

65.    The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY OF HARVEY.

**ANSWER:**    The allegations in Paragraph 65 are not directed to Defendant Elzia and therefore he makes no response thereto.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count IX, because none of the allegations in Count IX are directed to him.

## COUNT X
(State Claim – Respondeat Superior)

66.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

**ANSWER:**    The allegations in Paragraph 66 are not directed to Defendant Elzia and therefore he makes no response thereto.

67.     The aforesaid acts of the Defendant were in the scope of their employment and therefore the Defendant CITY OF HARVEY as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**     The allegations in Paragraph 67 are not directed to Defendant Elzia and therefore he makes no response thereto.

WHEREFORE, Defendant Elzia denies that Plaintiff is entitled any relief or judgment against him in Count X, because none of the allegations in Count X are directed to him.


## AFFIRMATIVE DEFENSES

In addition to the denials and defenses set forth hereinabove, and without prejudice thereto, Defendant Elzia asserts the following affirmative defenses to the First Amended Complaint at Law:

### Affirmative Defense No. 1 (Qualified Immunity)

1.     On June 10, 2007, around 11:30 p.m., Defendant Elzia was on patrol duty with another police officer in their squad car when they received, and responded to, a call from dispatch regarding a disturbance at a club located at 17038 Halsted in Harvey, Illinois.

2.     Upon their arrival at the club, Defendant Elzia observed Plaintiff, who appeared disoriented and intoxicated, sitting on the hood of a vehicle in the club parking lot.

3.     When Defendant Elzia approached Plaintiff and asked if the vehicle belonged to him, Plaintiff replied that it did not and yelled, "Fuck this club, they threw me out."

4.     Defendant Elzia noticed that Plaintiff's speech was noticeably slurred.

5.     Defendant Elzia learned that the vehicle did not belong to Plaintiff.

6.      This vehicle belonged instead to another patron at the club, and Plaintiff had been seen inside the vehicle removing several personal items which did not belong to him.

7.      The club manager informed Defendant Elzia that the disturbance call was made when Plaintiff became disruptive and combative with other patrons and staff inside the club. When Plaintiff refused to leave the club, he was escorted out of the club by the club's security staff.

8.      Defendant Elzia told Plaintiff to get off the vehicle and to empty his pockets.

9.      Plaintiff initially resisted, but then pulled out the items he had taken from the vehicle, including a watch, earrings, and a necklace with a pendant.

10.     Plaintiff refused to leave the premises of the club and club parking lot.

11.     Defendant Elzia attempted to place Plaintiff in custody so as to escort him off the club premises and to transport him to the police station; Plaintiff resisted being taken into custody and became very combative and began yelling profanities and threats at the officer.

12.     Plaintiff resisted arrest by struggling with Defendant Elzia and attempting to strike at Defendant Elzia during the officer's attempt to place him into handcuffs.

13.     Defendant Elzia eventually placed handcuffs on Plaintiff and both officers drove Plaintiff to the City of Harvey police station for processing.

14.     During the officers' transport of Plaintiff to the police station, Plaintiff continued to threaten Defendant Elzia and the other police officer.

15.     After arriving at the City of Harvey police station, Plaintiff was charged with being a pedestrian under the influence and for resisting a peace officer.

16.     Defendant Elzia had probable cause to arrest and charge Plaintiff on June 10, 2007, for being under the influence and for resisting a peace officer.

17.     Because Defendant Elzia had probable cause to arrest and charge Plaintiff, such action did not violate any clearly established constitutional right at the time of the arrest.

18.     Defendant Elzia's actions in connection with Plaintiff's arrest on June 10, 2007 occurred within the scope of his discretionary authority as a police officer.

19.     Defendant Elzia acted within the scope of his duties as a police officer on June 10, 2007, and is entitled to qualified immunity for his actions in connection with Plaintiff's arrest.

20.     Defendant Elzia had no knowledge or reason to know that any action he took in connection with Plaintiff's arrest on June 10, 2007 was unlawful, illegal or unconstitutional.

21.     Defendant Elzia is entitled to immunity because he acted, at all times relevant hereto, in good faith in the execution and/or enforcement of his duties as a police officer.

22.     To the extent that any of Plaintiff's federally protected rights were subject to any deprivation as a result of any alleged acts and/or conduct of Defendant Elzia, all such acts and/or conduct were taken in good faith and with reasonable belief that such acts and/or conduct were lawful and proper.

WHEREFORE, Defendant Elzia requests that this Court enter judgment against Plaintiff and for Defendant, with costs and fees, and such other relief as is appropriate and just.

## Affirmative Defense No. 2 (Existence of Probable Cause)

1.     On June 10, 2007, based on the witness accounts and his firsthand observation of Plaintiff's condition and conduct, Defendant Elzia believed in good faith that Plaintiff was intoxicated and under the influence of alcohol and/or drugs.

2.     On June 10, 2007, Plaintiff deliberately resisted a peace officer after Defendant Elzia identified himself as a police officer and asked Plaintiff to remove the stolen personal items from his pockets.

3.      On June 10, 2007, Plaintiff knowingly and intentionally resisted arrest when he fought with Defendant Elzia and attempted to keep the officer from placing handcuffs on him.

4.      On January 10, 2007, based on the witness accounts and his own observation of Plaintiff's condition and conduct, Defendant Elzia had justifiable and probable cause to arrest Plaintiff for being a pedestrian under the influence and for resisting a peace officer.

5.      Defendant Elzia's actions in connection with the arrest and citation of Plaintiff on June 10, 2007 did not violate any clearly established constitutional right of Plaintiff.

6.      Defendant Elzia's actions in connection with the arrest and citation of Plaintiff on June 10, 2007 were in good faith and within the scope of his official duties as a police officer.

WHEREFORE, Defendant Elzia requests that this Court enter judgment against Plaintiff and for Defendant, with costs and fees, and such other relief as is appropriate and just.

<u>Affirmative Defense No. 3 (Illinois Tort Immunity Act)</u>

1.      At all times relevant, as a police officer employed by the City of Harvey, Defendant Elzia was a public employee pursuant to 745 ILCS 10/1-207 and was acting within the scope of his employment.

2.      On June 10, 2007, Defendant Elzia was acting within the scope of his duties and employment as a police officer with the City of Harvey when he responded to the dispatch report of a disturbance call involving Plaintiff.

3.      On June 10, 2007, Defendant Elzia was acting within the scope of his duties and employment as a police officer with the City of Harvey when he attempted to place Plaintiff into custody after determining that Plaintiff was under the influence and needed to be transported to the police station.

4        On June 10, 2007, based on the witness accounts and his own observation of Plaintiff's condition and conduct, Defendant Elzia had justifiable and probable cause to arrest Plaintiff for being under a pedestrian under the influence and for resisting a peace officer.

5        Plaintiff's claim of malicious prosecution is barred under the Illinois Tort Immunity Act, 745 ILCS 10/2-201, because at all times relevant Defendant Elzia was acting as a public employee serving in a capacity that allowed him to exercise discretionary authority within the scope of his employment as a police officer for the City of Harvey.

6        Defendant Elzia's actions in connection with Plaintiff's arrest on June 10, 2007 were not willful, wanton, and/or malicious, because Defendant Elzia was engaged in the execution and/or enforcement of the law, in accordance with the scope of his employment.

WHEREFORE, Defendant Elzia requests that this Court enter judgment against Plaintiff and for Defendant, with costs and fees, and such other relief as is appropriate and just.

Dated: July 14, 2008

Respectfully submitted,

Defendant Kraig Elzia, Jr.

By:     s/ Laura C. Liu
          One of His Attorneys

LAURA C. LIU
KELLY M. CHERF
J. MICHAEL TECSON
HOGAN MARREN, LTD.
180 N. Wacker Drive, Suite 600
Chicago, Illinois 60606
(312) 946-1800
ARDC # 6208400