*IN THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION*

| | | |
|---|---|---|
| *DAVID JACQUES,* | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | *Case No.  08 C 1168* |
| *vs.* | ) | |
| | ) | *Hon. Judge Holderman* |
| | ) | |
| *OFFICER ELZIA, in his individual capacity,* | ) | *Magistrate Judge Nolan* |
| *CITY OF HARVEY UNKNOWN OFFICER, in* | ) | |
| *his individual capacity; MAYOR ERIC KELLOGG,* | ) | |
| *in his individual capacity; and THE CITY OF* | ) | |
| *HARVEY, ILLINOIS,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT CITY OF HARVEY'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Defendant, City of Harvey, by its attorneys, Joseph R. Marconi, Eydie R. Glassman, and Gabriel R. Judd, as and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint at Law state as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**ANSWER:**      Admitted.

**PARTIES**

2.      The Plaintiff, DAVID JACQUES, is a citizen of the City of Harvey, County of Cook, in the State of Illinois and a citizen of the United States.

**ANSWER:**    City of Harvey lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3.    The Defendant, OFFICER ELZIA ("OFFICER ELZIA"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    Admitted.

4.    The Defendant, UNKNOWN POLICE OFFICER ("UNKNOWN OFFICER"), was at all times relevant to this complaint a duly appointed and sworn police officer of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    City of Harvey lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.    The Defendant, MAYOR ERIC KELLOGG ("KELLOGG"), was at all times relevant to this complaint a duly appointed and public official of the City of Harvey, County of Cook, in the State of Illinois.

**ANSWER:**    City of Harvey admits that, at all times relevant to this Complaint, Eric Kellogg was an elected public official, serving in the capacity of Mayor of the City of Harvey, located in the County of Cook, State of Illinois.  City of Harvey denies the remaining allegations of this paragraph.

6.    The Defendant, the CITY OF HARVEY, ILLINOIS ("CITY OF HARVEY"), is a duly incorporated Illinois municipal corporation and is the employer and principal of the individual Defendants.

**ANSWER:**    City of Harvey admits that it is a duly incorporated Illinois municipal corporation and is the employer of Officer Elzia. City of Harvey lacks knowledge or

information sufficient to form a belief regarding the truth of the allegations of this paragraph with respect to any unknown officer.  City of Harvey denies that it is a "principal" of Officer Elzia and/or any unknown police officer, as the City of Harvey understands this term.

7.      At all times relevant to this Complaint, Defendant OFFICER ELZIA, Defendant UNKNOWN OFFICER (collectively "DEFENDANT OFFICERS") were acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

8.      **ANSWER:**   Defendant City of Harvey admits that at all times relevant to this Complaint, Officer Elzia was employed as a police officer by the City of Harvey and was acted within the scope of his authority as a police officer and under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

9.      At all times relevant to this Complaint, Defendant KELLOGG was acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County of Cook, and State of Illinois.

**ANSWER:**   City of Harvey admits that at all times relevant to this Complaint, Eric Kellogg was serving in the capacity of Mayor of the City of Harvey and acted within the scope of his authority as Mayor and under the color of state law,   ordinance and/or regulation, statutes, customs and usages of the City of Harvey, County   of Cook, and State of Illinois.

3

## FACTS RELATED TO ALL COUNTS

10.     On or about June 10, 2007, the Plaintiff was at or about 17038 Halsted, City of Harvey, County of Cook, and State of Illinois.

**ANSWER:**     Admitted

11.     At said place and time, the DEFENDANT OFFICERS responded to that location and interacted with the Plaintiff.

**ANSWER:**     City of Harvey admits that Oficer Elzia, on June 10, 2007, responded to a disturbance at 17038 Halsted Street in Harvey, Illinois.  City of Harvey lacks knowledge or information sufficient to form a belief with respect to the remaining allegations of this paragraph concerning acts of any unknown officer.

11.     At said place and time, Defendant OFFICER ELZIA placed the Plaintiff under arrest for the offenses of "Pedestrian Under the Influence" and resisting arrest.

**ANSWER:**     City of Harvey admits that on June 10, 2007, at 17038 Halsted Street, in Harvey, Illinois, Officer Elzia placed Plaintiff under arrest for the offenses of "Pedestrian Under the Influence" and "Resisting Arrest".

12.     The Plaintiff was handcuffed and placed in the DEFENDANT OFFICERS' police vehicle.

**ANSWER:**     City of Harvey admits that Plaintiff was handcuffed and placed in Officer Elzia's police vehicle.  City of Harvey lack's knowledge or information sufficient to form a belief with respect to any action taken by any unknown defendant officer.

13.     The DEFENDANT OFFICERS proceeded to transport the Plaintiff to an unknown location, remove him from the police car and excessively beat the Plaintiff about his head and body.

**ANSWER:**    Denied.

14.    The Plaintiff was subsequently transported to the City of Harvey police department and detained for an unreasonable period of time.

**ANSWER:**    Denied.

15.    Defendant OFFICER ELZIA issued a citation against the Plaintiff for "Pedestrian Under The Influence" and charged the Plaintiff with resisting a police officer.   The charges against the Plaintiff were ultimately resolved in a manner indicative of innocence.

**ANSWER:**    City of Harvey admits that Officer Elzia issued a citation against the Plaintiff for "Pedestrian Under the Influence" and charged Plaintiff with resisting a police officer.   City of Harvey lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

16.    On June 10, 2007, the Plaintiff did not assault, threaten, strike and/or batter the DEFENDANT OFFICERS.

**ANSWER:**    Denied.

17.    On June 10, 2007, the Plaintiff did [sic] commit any act that was contrary to the laws or ordinances of the City of Harvey or the State of Illinois.

**ANSWER:**    City of Harvey denies that Plaintiff on June 10, 2007, did not commit any act that was contrary to the laws and/or ordinances of the City of Harvey or State of Illinois.

18.    As a proximate result of the DEFENDANT OFFICERS' conduct and use of excessive force, the Plaintiff sustained debilitating injuries and incurred medical expenses.

**ANSWER:**    Denied.

19.    As a direct and proximate result of the above-referenced constitutional and state law violations of the DEFENDANT OFFICERS, the Plaintiff was injured, has endured pain, mental anguish, humiliation, been unlawfully detained, faced criminal prosecution and incurred medical and legal expenses.

**ANSWER:**    Denied.

20.    Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

    a.    agreeing not to report each other after witnessing him being beaten;

    b.    collectively beating and/or failing to intervene in the beating;

    c.    generating false documentation to cover-up for their own misconduct;

    d.    withhold information from the Office of the State's Attorney, knowing that by withholding the information, the Plaintiff would suffer the consequences of having to defend frivolous criminal litigation, which, if the Plaintiff were found guilty, would cause him to be subject to severe penalties in the form of thousands of dollars as well as long period of time in jail.

**ANSWER:**    City of Harvey denies the allegations of this paragraph, subparagraphs (a) through (d) inclusive.

21.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, *inter alia*, suffer emotional damage.

**ANSWER:**    Denied.

22.    It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF HARVEY to perform the following acts and/or omissions in connection with allegations of misconduct[1] that are directed at the City of Harvey:

      a.    individuals for the CITY OF HARVEY generate false documentation to cover-up for the misconduct police officers;

      b.    supervisory individuals from the CITY OF HARVEY fail to properly discipline officers from said police department that have committed an act of misconduct upon another; and

      c.    supervisory individuals from the CITY OF HARVEY fail to properly investigate a complaint of misconduct perpetrated by a CITY OF HARVEY police officer, upon another.

**ANSWER:**    Denied.

23.    Supervisory individuals from the CITY OF HARVEY fail to take proper remedial action against a CITY OF HARVEY police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by said officer. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF HARVEY for a significant period of time, so much so, that police officers for the CITY OF HARVEY recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF HARVEY in order to permit said conduct to re-occur.

**ANSWER:**    Denied.

24.    A code of silence exists, between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

---

[1] Misconduct here refers to criminal acts of all type, false arrests, excessive force and malicious prosecution.

**ANSWER:**    Denied.

25.    Examples of the alleged illegal and/or alleged inappropriate conduct of Harvey

Police Officers is as follows:

i.    <u>Officer Williams</u>

I.    was employed by the City of Harvey after being discharged from the national guard after testing positive for marijuana

II.    paddled a child with a hunk of wood found in a garbage can and failed to notify his parents;

III.    stole $1,700.00 from innocent civilians;

IV.    failed to provide medical attention to an individual (arrestee from a traffic stop) who he has severely beaten (dislocated shoulder, broken teeth).

ii.    <u>Commander Gentry</u>

I.    was a member of the Vice Lord Gang;

II.    was fired in 2002 for using his influence as a Vice Lord gang member to coerce a confession but was then rehired in 2003 after working on Defendant KELLOGG'S campaign;

III.    aided his fellow Vice Lord gang members by providing false information to prosecutors in a criminal action.

iii.    <u>Deputy Brian Smith</u>

I.    committed an aggravated assault on his girlfriend (pointing a semi-automatic weapon, during a verbal dispute);

II.    failed to report an inmate's injuries (broken jaw) at the station

iv.    <u>Commander Keel</u>

I.    Terminated in 2002 for:

a.    failing to activate microphone while engaged in suspicious conduct with civilians;

    b.   making oral threats (I'll lock your ass up *** and kick your ass and *** fuck you up;"

    c.   striking a pedestrian and yelling at onlookers "let me make sure the camera ain't on;"

II.   REHIRED as Commander after working on Defendant KELLOGG'S campaign.  During his appointment as Commander, he has stated:

    a.   "all police officers have taken money and when you take money, just don't have any eye witnesses around who can testify against you;"

    b.   don't report officers who steel [sic] money;

    c.   ordered officers to remove cameras from their vehicles when he struck and threatened civilians with a baseball bat;

III.   Has taken bribes from drug dealers.

v.   <u>Officer Shaffer</u>

Terminated in retaliation for speaking out against a loitering policy where innocent people would be charged with loitering and jailed for 2-3 days.

vi.   <u>Officer McGee</u>

Raped a homeless woman.

vii.   <u>Officer Marvin Wynne</u>

Raped a civilian.

viii.   <u>Officer Vince Vance</u>

Raped a woman in lock-up.

ix.   <u>Officer Charles Hill</u>

Threatened an unarmed man with a gun during a verbal argument.

x.   <u>Chief of Police Denard Eaves</u>

I.   Was fired by former Mayor Nick Graves for being "incompetent"

II.   Incited a crowd of onlookers to accost a Southtown Star photographer

III. Misrepresented the details of an automobile crash on a public access television program aired in the City of Harvey and lied about his own actions that day, but was not disciplined by Defendant KELLOGG.

**ANSWER:**    The City of Harvey denies that the allegations of this paragraph are examples of illegal and/or inappropriate conduct attributable to the City of Harvey and specifically denies any breach of duty or wrongdoing on the part of the City with respect to any alleged incident as described in this paragraph, subparagraphs i(I) through x(III) inclusive.

26.    The CITY OF HARVEY is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the *Monell* claim alleged herein.

**ANSWER:**    City of Harvey admits that, it is a duly incorporated municipal corporation and is the employer of Officer Elzia and Chief of Police Eaves.  City of Harvey denies the remaining allegations of Paragraph 26.

## COUNT I
(§1983 Excessive Use of Force Claim Against Officer Elzia)

27.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 27 of Count I, as though fully set forth herein.

28.    At all times relevant to the Complaint, Defendant OFFICER ELZIA was acting under the color of state law and within the scope of his employment as a City of Harvey police officer.

10

**ANSWER:**    City of Harvey admits that, at all times relevant to this Complaint, Officer Elzia was employed as a police officer by the City of Harvey and was authorized to act within the scope of his authority as a police with the City of Harvey.  City of Harvey lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29.    Through the above-referenced conduct, Defendant OFFICER ELZIA violated the Fourth Amendment of the United States Constitution by excessively, violently and repeatedly beating the Plaintiff.

**ANSWER:**    Denied.

30.    The above-referenced actions of Defendant OFFICER ELZIA constituted an excessive use of force in violation of the United States Constitution.

**ANSWER:**    Denied.

31.    As a direct and proximate result of the above-referenced constitutional violations of Defendant OFFICER ELZIA, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

**ANSWER:**    Denied.

32.    As a direct and proximate result of the above-referenced constitutional violations, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**    Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First

Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT II

(Section 1983 Unlawful Arrest Claim Against OFFICER ELZIA)

33.    The Plaintiff re-alleges, restates and incorporates paragraphs One though Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 33 of Count II, as though fully set forth herein.

34.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**    City of Harvey admits that Plaintiff seeks to bring a claim under Count II pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

35.    Defendant OFFICER ELZIA caused the Plaintiff to be arrested on June 10, 2007, even though he was devoid of any justifiable basis and lacked probable cause for said arrest, in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:**    City of Harvey admits that Officer Elzia arrested Plaintiff on June 10, 2007 but denies the remaining allegations contained in this paragraph.

36.    The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from arrest lacking probable cause and caused him to be unlawfully detained and imprisoned against his will, causing the Plaintiff damage.

**ANSWER:**    Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT III

### (Section 1983 Liability Claim Against MAYOR KELLOGG)

37.    The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 37 of Count III, as though fully set forth herein.

38.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

**ANSWER:**    City of Harvey admits that Plaintiff seeks to bring a claim under Count III pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

39.    Defendant KELLOGG acted with deliberate indifference and reckless disregard by failing to properly insure that the criminal conduct of his police staff was properly investigated and disciplined, turning a blind eye to repeated and systemic abuses of the constitutional rights of citizens, including the Plaintiff, and intentionally hiring high ranking officials to serve in the Harvey Police Department who have committed criminal conduct and/or abusive acts towards others.

**ANSWER:**    Denied.

40.     Defendant KELLOGG had knowledge of said constitutional abuses but failed to take any action whatsoever to stop the abuses.

**ANSWER:**   Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT IV
### (Monell)

41.     The Plaintiff re-alleges, reasserts and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**   City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 41 of Count IV, as though fully set forth herein.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever. Defendant prays for entry of an order dismissing Plaintiff's First Amended Complaint and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT V
### (Assault & Battery Against Defendant OFFICER ELZIA – State Claim)

42.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 42 of Count V, as though fully set forth herein.

43.    The actions of Defendant OFFICER ELZIA, as described above, were affirmative acts intended to cause impermissible contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois.  Further, said act directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

**ANSWER:**    Denied.

44.    The acts of Defendant OFFICER ELZIA, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted assault under the laws and constitution of the State of Illinois.

**ANSWER:**    Denied.

45.    As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff was injured and has endured pain, mental anguish and humiliation.  Large sums of money were expended for medical care and services related to these injuries.

**ANSWER:**    Denied.

46.    As a direct and proximate result of Defendant OFFICER ELZIA's above-referenced actions, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**    Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

### COUNT VI
#### (State Law False Imprisonment Against Defendant OFFICER ELZIA)

47.    The Plaintiff re-alleges, reasserts and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 47 of Count VI as though fully set forth herein.

48.    Defendant OFFICER ELZIA filed criminal charges against the Plaintiff and caused him to be arrested even though he lacked probable cause for said actions.

**ANSWER:**    Denied.

49.    Defendant OFFICER ELZIA's wrongful conduct restrained the Plaintiff's liberty, thereby causing him to suffer damages.

**ANSWER:**    Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT VII
### (State Law Malicious Prosecution Against Officer Elzia)

50.    The Plaintiff re-alleges, restates and incorporates paragraphs one through Twenty-Six (26) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 50 of Count VII, as though fully set forth herein.

51.    One June 10, 2007, Defendant OFFICER ELZIA caused the Plaintiff to be arrested and charged with various crimes without probable cause.

**ANSWER:**    City of Harvey admits that officer Elzia arrested Plaintiff on June 10, 2007 but denies that Plaintiff was charged without probable cause.

52.    Criminal proceedings were instituted against the Plaintiff based upon the allegations made by Defendant OFFICER ELZIA.  Said allegations made by Defendant OFFICER ELZIA, against the Plaintiff, were made without probable cause.

**ANSWER:**    Denied.

53.    Defendant OFFICER ELZIA maliciously instituted criminal proceedings against the Plaintiff resulting in injury and legal expense.

**ANSWER:**    Denied.

54.    All charges arising out of the criminal proceedings instituted by the Defendant OFFICER ELZIA were terminated in Plaintiff's favor in a manner indicative of his actual innocence.

**ANSWER:**    City of Harvey denies that Officer Elzia "instituted criminal proceedings", against Plaintiff, as City of Harvey understands these terms.  City of Harvey lacks

knowledge or information sufficient to form a belief with respect to the remaining allegations of this paragraph.

55.     The aforementioned actions of Defendant OFFICER ELZIA proximately caused the Plaintiff to suffer anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

**ANSWER:**     Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

**COUNT VIII**
(Willful and Wanton Conduct – State Law Claims)

56.     The Plaintiff re-alleges, restates and incorporates paragraphs One through Twenty-Six (26) of this Complaint as if fully set forth here.

**ANSWER:**     City of Harvey restates and reincorporates its answers to Paragraphs 1 through 26, *supra*, as and for its answers to Paragraph 56 of Count VIII, as though fully set forth herein.

57.     On June 10, 2007, the Defendant CITY OF HARVEY, by and though its employees/ agents, had a duty to refrain from acting in a willful [sic] and wanton manner during said employees/agents interactions with the Plaintiff.

**ANSWER:**     City of Harvey denies the allegations of this paragraph, as written, as a City can only act through its employees. City of Harvey further denies that any City of

Harvey employee or agent acted in any wilful and wanton matter during their interactions with Plaintiff.

58.     Notwithstanding the above-referenced duty, the Defendant CITY OF HARVEY, by and through its employees/agents, engaged in the following willful and wanton conduct:

      a.     Beat the Plaintiff about the face and body;

      b.     Arrested the Plaintiff without cause;

      c.     Filed false charges against the Plaintiff; and

      d.     Withheld necessary medical treatment from the Plaintiff for an unreasonable and dangerous period of time.

**ANSWER:**     City of Harvey denies the allegations of this paragraph, subparagraphs (a) through (d) inclusive.

59.     As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff was injured and has endured pain, mental anguish and humiliation. Large sums of money were expended for medical care and serves related to these injuries.

**ANSWER:**     Denied.

60.     As direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has been hindered and prevented from attending to his usual duties and affairs and sustained other damages associated with his injuries.

**ANSWER:**     Denied.

61.     As a direct and proximate result of the above-referenced willful and wanton conduct, the Plaintiff has suffered anguish, humiliation as a result of the charges brought against him, damage to his reputation, and forced him to incur unnecessary costs associated with defending the false charges brought against him.

**ANSWER:**     Denied.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT IX
(State Law 745 ILCS 10/9-102 Claim against City of Harvey, Illinois)

62.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 61, *supra*, as and for its answers to Paragraph 62 of Count IX, as though fully set forth herein.

63.    The Defendant CITY OF HARVEY was at all times relevant to this complaint charged with oversight of the Harvey Police Department and its officers.

**ANSWER:**    The City of Harvey denies the allegations of Paragraph 63, as a city can only act though its employees. City of Harvey specifically denies any breach of duty to Plaintiff herein.

64.    The Defendant CITY OF HARVEY was at all times relevant to this complaint the employer of the Defendant OFFICER ELZIA and the DEFENDANT UNKNOWN OFFICER.

**ANSWER:**    City of Harvey admits it was the employer of Officer Elzia at all times relevant to this Complaint.  City of Harvey lacks knowledge or information sufficient to form a belief with respect to the employment of any unknown officer.

65.    The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY OF HARVEY.

**ANSWER:**    City of Harvey admits that, at all times relevant, Officer Elzia was employed as a police officer by the City of Harvey and acted within the scope of his authority as a police officer and under the color of state law.  City of Harvey restates and reincorporates its answers to Paragraphs 1 through 64, *supra*, as and for its answers to Paragraph 65 of Count IX, with respect to any "acts above" of Officer Elzia or any unknown officer.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## COUNT X
(State Claim – Respondeat Superior)

66.    The Plaintiff re-alleges, restates and incorporates paragraphs One through Sixty-One (61) of this Complaint as if fully set forth herein.

**ANSWER:**    City of Harvey restates and reincorporates its answers to Paragraphs 1 through 61, *supra*, as and for its answers to Paragraph 66 of Count X, as though fully set forth herein.

67.    The aforesaid acts of the Defendants were in the scope of their employment and therefore the Defendant CITY OF HARVEY as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

**ANSWER:**    City of Harvey admits that Officer Elzia at all times relevant to this Complaint was acting as a police officer and within the scope of his authority as a police officer.  City of Harvey lacks knowledge or information sufficient to form a belief with

respect to any actions of any unknown officer. City of Harvey denies that it is Officer Elzia's or any other unknown officer's principal, as City of Harvey understands this term, and further denies the remaining allegations of this paragraphs.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever, prays for entry of an order dismissing Plaintiff's First Amended Complaint at Law and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## <u>AFFIRMATIVE DEFENSES</u>

City of Harvey for its Affirmative Defenses to Plaintiff's First Amended Complaint states as follows:

### FIRST AFFIRMATIVE DEFENSE

On June 10, 2007, around 11:30 p.m., Defendant Elzia was on patrol duty with another police officer in their squad car when they received, and responded to, a call from dispatch regarding a disturbance at a club located at 17038 Halsted in Harvey, Illinois. Upon their arrival at the club, Defendant Elzia observed Plaintiff, who appeared disoriented and intoxicated, sitting on the hood of a vehicle in the club parking lot. When Defendant Elzia approached Plaintiff and asked if the vehicle belonged to him, Plaintiff replied that it did not and yelled, "Fuck this club, they threw me out." Defendant Elzia noticed that Plaintiff's speech was noticeably slurred. Defendant Elzia learned that the vehicle did not belong to Plaintiff. This vehicle instead belonged to another patron at the club, and Plaintiff had been seen inside the vehicle removing several personal items which did not belong to him. The club manager informed Defendant Elzia that the disturbance call was made when Plaintiff became disruptive and combative with other patrons and staff inside the club. When Plaintiff refused to leave the club, he was escorted

22

out of the club by the club's security staff. Defendant Elzia told Plaintiff to get off the vehicle and to empty his pockets. Plaintiff initially resisted, but then pulled out the items he had taken from the vehicle, including a watch, earrings, and a necklace with a pendant.   Plaintiff refused to leave the premises of the club and club parking lot.

When Officer Elzia attempted to place Plaintiff in custody so as to escort him off the club premises and to transport him to the police station, Plaintiff resisted being taken into custody and became very combative and began yelling profanities and threats at Officer Elzia.

Plaintiff resisted arrest by struggling with Officer Elzia and attempting to strike at Defendant Elzia during the officer's attempt to place him into handcuffs.    Officer Elzia eventually placed handcuffs on Plaintiff and both officers drove Plaintiff to the City of Harvey police station for processing.   During the transport of Plaintiff to the police station, Plaintiff continued to threaten Defendant Elzia and the other police officer.

After arriving at the City of Harvey police station, Plaintiff was charged with being a pedestrian under the influence and for resisting a peace officer.  Officer Elzia had probable cause to arrest and charge Plaintiff on June 10, 2007, for being under the influence and for resisting a peace officer.  As such, the arrest did not violate any clearly established constitutional right at the time of the arrest,that any reasonable officer should have known.

Consequently, Officer Elzia is entitled to qualified immunity for any and all actions taken in connection with the arrest of Plaintiff, and is immune from liability in tort for any state law claims under the Illinois Tort Immunity Act.

## SECOND AFFIRMATIVE DEFENSE

No liability can be established against the City of Harvey in this matter, as local public entity is not liable for any injury resulting from any act or omission of its employee where the employee is not liable.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the City of Harvey is sued under any theory other than an alleged unconstitutional policy and practice of its policymakers, plaintiff fails to state a claim against it, as *respondeat superior* is an improper basis for suing a municipality under 42 U.S.C. §1983. Monell v. New York Department of Social Services, 436 U.S. 658, 691 (1978); Sarantakis v. Village of Winthrop Harbor, 696 F.Supp. 1095, 1101 (N.D. Ill 1997); Surplus Store and Exchange, Inc. v. City of Delphi, 928 F. 2d 788, 793 (7th Cir. 1991).

Defendants reserves its right to amend and/or supplement its affirmative defenses as additional information is developed through investigation and discovery.

Defendant, City of Harvey, denies that Plaintiff is entitled to judgment against it in the amount sought, or any sum whatever. Defendant prays for entry of an order dismissing Plaintiff's First Amended Complaint and for entry of judgment against Plaintiff and for Defendant, with costs of suit, and such other relief as is appropriate and just.

## JURY DEMAND

Defendants demand a jury trial of all issues triable by jury.

Respectfully submitted this 17th day of July, 2008
City of Harvey


By       s/Eydie R. Glassman
         One of its Attorneys

24

Joseph R. Marconi
Eydie R. Glassman
Gabriel R. Judd
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770