IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JACQUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  08 C 1168 |
| vs. ) | |
| ) | Hon. Judge Holderman |
| ) | |
| OFFICER ELZIA, in his individual capacity, ) | Magistrate Judge Nolan |
| CITY OF HARVEY UNKNOWN OFFICER, in ) | |
| his individual capacity; MAYOR ERIC KELLOGG, ) | |
| in his individual capacity; and THE CITY OF ) | |
| HARVEY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAYOR ERIC KELLOGG'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT OR IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant, Mayor Eric Kellogg ("Mayor Kellogg"), by his attorneys, Joseph R. Marconi and Eydie R. Glassman, of the law firm Johnson & Bell, Ltd., pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves for entry of an Order dismissing Plaintiff's First Amended Complaint against Mayor Kellogg in its entirety, or in the alternative, a ruling under 12(e) requiring Plaintiff to provide a more particular statement. In support of his motion, Mayor Kellogg, states as follows:

### I.
### Introduction

Plaintiff brings this action under state law and under 42 USC §1983, alleging generally that on or about June 10, 2007 he was arrested without probable cause and beaten by Officer Elzia and an unknown officer. (Plaintiff's First Amended Complaint at Docket No. 16).

Plaintiff directs Count III of his Complaint against Mayor Kellogg, referring to the count as a "Section 1983 Liability Claim Against Mayor Kellogg". (Plaintiff's First Amended Complaint at Docket No. 16, Count III). There, Plaintiff alleges generally that Mayor Kellogg turned a blind eye to constitutional violations of citizens' rights, including Plaintiff. (Plaintiff's First Amended Complaint at Docket No. 16, Paragraph 39). Plaintiff appears to sue Mayor Kellogg in his individual capacity. (See caption of Plaintiff's First Amended Complaint at Docket No. 16).

## I.
### Argument

A.  **To The Extent Plaintiff's Claims Are Made Against Mayor Kellogg In His Individual Capacity, Said Claims Must Be Dismissed For Failure To State A Claim Pursuant To Federal Rule 12(b)(6), Or In The Alternative, A More Particular Statement Is Required, Pursuant to Rule 12(e).**

When a supervisor is sued in his or her individual capacity, the plaintiff must allege some type of personal involvement in order to state a claim against the supervisor. *Luck v. Rovenstine,* 168 F.3d 323, 327 (7th Cir. 1999) (when sheriff lacked "actual knowledge" of plaintiff's wrongful detention, liability would not attach to sheriff in his individual capacity). It appears here, that Plaintiff may be attempting to make some sort of failure to discipline and or failure to intervene claim against Mayor Kellogg but case law clearly holds that a defendant can not be liable for a constitutional violation under §1983 if the defendant merely exercised supervisory authority over those who violated the plaintiff's rights and otherwise failed to participate in any violation of the plaintiff's rights. *Kelly v. Municipal Courts of Marion County, Indiana,* 97 F.3d 902, 909 (7th Cir. 1996).

"In order for a defendant to be held liable under §1983, the plaintiff must establish that the defendant was personally involved or acquiesced in the alleged constitutional violation." *Id.,*

2

citing *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). *See also Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996), quoting *Cygnar v. City of Chicago,* 865 F.2d 827, 847 (7th Cir. 1989), for the proposition that the "official must actually have participated in the constitutional wrongdoing."

Here, Plaintiff's only allegations against Mayor Kellogg are that he generally turned a blind eye to constitutional violations of citizens' rights, including Plaintiff, and intentionally hired high ranking officials to serve in the Police Department who have committed criminal conduct and/or abusive acts toward others. (Plaintiff's First Amended Complaint at Docket No. 16, Paragraph 39).

Plaintiff cleverly, at Paragraph 40 of his First Amended Complaint, THEN avers that "Defendant Kellogg had knowledge of 'said constitutional abuses' but failed to take any action whatsoever to stop the abuses". (Plaintiff's First Amended Complaint at Docket No. 16, Paragraph 40). It is unclear from this language, whether Plaintiff is claiming that Mayor Kellogg had *actual* knowledge of any alleged constitutional violation against *Plaintiff*. To establish an individual capacity suit, Plaintiff would have to clearly allege so, and do so within the confines of Rule 11.

Further, as Plaintiff is referring to other "systematic abuses" it is unclear as to whether Plaintiff is actually attempting to establish an official capacity suit against Mayor Kellogg herein, and is improperly labeling it as an individual capacity suit. (Plaintiff's First Amended Complaint at Docket No. 16, Paragraph 39). While concededly, Rule 8's edict, which requires a "short and plain" has generally been known to permit simple notice pleading, Mayor Kellogg is entitled to know what type of claim is being made him and how he allegedly violated *Plaintiff's* rights. As

such, Plaintiff's First Amended Complaint against Mayor Kellogg is properly dismissed. At a minimum, a more definite statement is required.

**II.**

**B.** **To The Extent Plaintiff's Claims Are Made Against Mayor Kellogg In His Official Capacity, Said Claims Must Likewise Be Dismissed, As A Suit Against A Supervisor In His Or Her Official Capacity Is The Same As A Suit Against A Governmental Entity Itself.**

To the extent that Plaintiffs brings Count III of his First Amended Complaint against Mayor Kellogg in his official capacity, Plaintiff's claims must similarly be dismissed. It is well established that a suit against a supervisor in his or her official capacity is the same as a suit against a governmental entity itself. *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 (7th Cir. 2000) citing *McMilliam v. Monroe County, Alabama*, 520 U.S. 781 (7th Cir. 1983). As such, liability depends on showing that a municipal custom, practice or policy caused the deprivation of Plaintiff's constitutional rights. As the City of Harvey is already a party to this matter, a suit against Mayor Kellogg in his official capacity is properly dismissed.

Based on the foregoing, Defendant Mayor Eric Kellogg, respectfully moves for entry of an order dismissing Plaintiff's First Amended Complaint against Mayor Kellogg, in its entirety, or in the alternative, a ruling under 12(e) requiring Plaintiff to provide a more particular statement.

*Jury Demand*

Defendant demands a trial by jury on all issues triable by jury.

                                        Respectfully submitted,

                                        Mayor Eric Kellogg

                                        By: s/Eydie R. Glassman
                                              One of the attorneys for Defendants

Joseph R. Marconi
Eydie R. Glassman
JOHNSON & BELL, LTD.
33 W. MONROE, SUITE 2700
CHICAGO, ILLINOIS 60603
312/372-0770