IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JACQUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   08 C 1168 |
| ) | |
| ) | Judge Holderman |
| ) | Magistrate Judge Nolan |
| OFFICER ELZIA, in his individual capacity, ) | |
| CITY OF HARVEY UNKNOWN OFFICER, in ) | |
| his individual capacity; MAYOR ERIC KELLOGG, ) | |
| in his individual capacity; and THE CITY OF ) | |
| HARVEY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT MAYOR KELLOGG'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

NOW COMES the Plaintiff, DAVID JACQUES, by and through HORWITZ, RICHARDSON & BAKER, LLC, and for his response to Defendant Mayor Kellogg's Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, For a More Definite Statement, states as follows:

**INTRODUCTION**

On June 10, 2007, Plaintiff was falsely arrested and brutally beaten by the Defendant Officers.  He subsequently filed suit under 42 U.S.C. § 1983 against the City of Harvey, the Defendant Officers, and the above-named supervisory official, Mayor Kellogg, claiming, *inter alia*, false arrest, malicious prosecution, and claims for *Monell* liability.

On July 17, 2008, the Supervisory Defendant, Mayor Kellogg, brought a motion to dismiss Plaintiff's Amended Complaint or in the alternative, for a more definite statement. Plaintiff states that, for the reasons set forth below, Mayor Kellogg's motion should be denied in its entirety.

## STANDARD OF REVIEW

On a motion to dismiss, the Court must accept all well-pleaded allegations in the Plaintiff's complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct.99, 2 L.Ed.2d 80 (1957). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). "Plaintiffs in a §1983 case against a municipality are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard." Sledd v. Lindsay, 102 F.3d 282, 288 (7th Cir. 1996).Under this notice pleading standard, plaintiff need not plead facts or legal theories. Hefferman v. Bass, 467 F .3d 596, 599 (7th Cir. 2006) (citing cases).

**ARGUMENT**

A. **Plaintiff Has Alleged A Cognizable Claim Under Rule 12(b)(6) And Pled Sufficient Allegations To Put The Defendant On Notice Of The Claims Against Him; Therefore, Defendant Kellogg's Motion Must Be Denied**

Defendant Kellogg contends that Count III of Plaintiff's Complaint should be dismissed for failure to state a claim. In the alternative, Defendant Kellogg maintains that a more particular statement is, at a minimum, required pursuant to Rule 12(e). Both of Defendant's arguments fail, however, as Plaintiff has properly pled his supervisory liability claim pursuant to Seventh Circuit case law.

In that regard, the Seventh Circuit has articulated the pleading standard for individual supervisory liability in §1983 cases as follows:

> An official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995).

Here, Plaintiff has clearly satisfied the aforementioned requirements by claiming, first and foremost, that at the time of the incident, Defendant Kellogg was the mayor for the City of Harvey. See Complaint at ¶ 5. Plaintiff further details the constitutional deprivations that occurred and alleges how Defendant Kellogg caused the constitutional deprivations in the following manner:

> Supervisory individuals from the CITY OF HARVEY fail to take proper remedial action against a CITY OF HARVEY police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by said officer. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF HARVEY

3

for a significant period of time, so much so, that police officers for the CITY OF HARVEY recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF HARVEY in order to permit said conduct to re-occur.

Complaint at ¶ 23.

****

Examples of the alleged illegal and/or alleged inappropriate conduct of Harvey Police Officers is as follows:

i. <u>Officer Williams</u>[1]

  I. was employed by the City of Harvey after being discharged from the national guard after testing positive for marijuana;
  II. paddled a child with a hunk of wood found in a garbage can and failed to notify his parents;
  III. stole $1,700.00 from 6 innocent civilians;
  IV. failed to provide medical attention to an individual (arrestee from a traffic stop) who he has severely beaten (dislocated shoulder, broken teeth).

ii. <u>Commander Gentry</u>[2]

  I. was a member of the Vice Lord Gang;
  II. was fired in 2002 for using his influence as a Vice Lord gang member to coerce a confession but was then rehired in 2003 after working on Defendant KELLOGG'S campaign;
  III. aided his fellow Vice Lord gang members by providing false information to prosecutors in a criminal action.

iii. <u>Deputy Brian Smith</u>[3]

  I. committed an aggravated assault on his girlfriend (pointing a semi-automatic weapon, during a verbal dispute);
  II. failed to report an inmate's injuries (broken jaw) at the station.

---

[1] Plaintiff asserts that these are allegations.
[2] Plaintiff asserts that these are allegations.
[3] Plaintiff asserts that these are allegations.

4

    iv.    <u>Commander Keel</u>[4]

        I. Terminated in 2002 for:
- a. failing to activate microphone while engaged in suspicious conduct with civilians;
- b. making oral threats (I'll lock your ass up * * * and kick your ass and ** fuck you up;"
- c. striking a pedestrian and yelling at onlookers "let me make sure the camera ain't on;"

        II. REHIRED as Commander after working on Defendant KELLOGG'S campaign. During his appointment as Commander, he has stated:
- a. "all police officers have taken money and when you take money, just don't have any eye witnesses around who can testify against you;"
- b. don't report officers who steel money;
- c. ordered officers to remove cameras from their vehicles when he struck and threatened civilians with a baseball bat;

        III. Has taken bribes from drug dealers.

    v.    <u>Officer Shaffer</u>[5]

Terminated in retaliation for speaking out against a loitering policy where innocent people would be charged with loitering and jailed for 2-3 days.

    vi.    <u>Officer McGee</u>[6]

Raped a homeless woman.

    vii.    <u>Officer Marvin Wynne</u>[7]

Raped a civilian.

---

[4] Plaintiff asserts that these are allegations.
[5] Plaintiff asserts that these are allegations.
[6] Plaintiff asserts that these are allegations.
[7] Plaintiff asserts that these are allegations.

  viii. <u>Officer Vince Vance</u>[8]

  Raped a woman in lock-up.

  ix. <u>Officer Charles Hill</u>[9]

  Threatened an unarmed man with a gun during a verbal argument.

  x. <u>Chief of Police Denard Eaves</u>[10]

   I. Was fired by former Mayor Nick Graves for being "incompetent"

   II. Incited a crowd of onlookers to accost a Southtown Star photographer

   III. Misrepresented the details of an automobile crash on a public access television program aired in the City of Harvey and lied about his own actions that day, but was not disciplined by Defendant KELLOGG.

Complaint at ¶ 25.

        \*\*\*\*

Defendant KELLOGG acted with deliberate indifference and reckless disregard by failing to properly insure that the criminal conduct of his police staff was properly investigated and disciplined, turning a blind eye to repeated and systemic abuses of the constitutional rights of citizens, including the Plaintiff, and intentionally hiring high ranking officials to serve in the Harvey Police Department who have committed criminal conduct and/or abusive acts towards others.

Complaint at ¶ 39.

        \*\*\*\*

---

[8] Plaintiff asserts that these are allegations.
[9] Plaintiff asserts that these are allegations.
[10] Plaintiff asserts that these are allegations.

>Defendant KELLOGG had knowledge of said constitutional abuses but failed to take any action whatsoever to stop the abuses.

Complaint at ¶ 40.

****

The above excerpts from Plaintiff's First Amended Complaint fulfill the pleading requirement in that these excerpts allege that Mayor Kellogg, the Supervisory Defendant, knew about the conduct that resulted in Plaintiff's injuries. Specifically, Defendant Kellogg had knowledge of the custom and practice of excessive force, false arrest, and malicious prosecution that caused the violation of Plaintiff's rights and either condoned it or turned a blind eye to it. To bolster these allegations, Plaintiff alleges that Defendant Kellogg intentionally hired (or *re-hired* in some cases) high ranking officials who engaged in such misconduct, notwithstanding his knowledge that these officers had been accused of multiple constitutional infractions.

Defendant Kellogg, nevertheless, argues that dismissal is warranted (or in the alternative that a more definite statement is required) because it is unclear from the face of the Complaint "whether Plaintiff is claiming that Mayor Kellogg had actual knowledge of any alleged constitutional violation against *Plaintiff*." Motion at 3. Defendant Kellogg asserts that such an allegation must be clearly alleged to establish an individual capacity suit. Id.

Contrary to the Defendant Kellogg's representations, however, supervisory liability can attach even if the defendant supervisor is not aware of the specific violation against the plaintiff. As argued above, a supervisor could still be held personally liable if he was responsible for a policy, practice, or custom that caused the constitutional violation. See Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986) (holding that the

7

director of the Cook County Jail could be found liable for knowingly allowing guards to operate in jail's psychiatric unit without effective disciplinary system resulting in abuse of prisoners like plaintiff, even though director was not aware of the specific abuse of plaintiff); see also Wilson v. City of Chicago, 684 F.Supp. 982, 986 (N.D. Ill. 1988) (in denying a motion to dismiss, holding that Superintendent of Chicago Police Department could be held liable for denial of plaintiff's constitutional rights where "plaintiff claims that [the Superintendent] knew of the policy whereby suspected felons were unlawfully detained and subjected to physical abuse and approved of this activity"); see also Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (holding that "[s]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable …The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a *blind eye* for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference.") (Emphasis added.) (*quoting* Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988).

      Here, Plaintiff has alleged much more than mere negligence.  Specifically, Plaintiff details the criminal conduct and/or abusive acts of Harvey police officers, and further alleges that Defendant Kellogg knew of this misconduct and condoned or turned a blind eye to this constitutionally violative behavior (as evidenced by the hiring and re-hiring of these officers).  Notably, in recognizing Seventh Circuit precedent, courts in the Northern District of Illinois have found similar allegations against supervisory officials to pass muster under the pleading requirement for §1983 supervisory liability claims.  See *e.g.* Bond v. Utreras, No. 04 C 2617 (*see* Minute Order, attached hereto as Exhibit 1)

(Hon. Judge Lefkow); *see also* Almaraz v. Haleas, No. 07 C 6134 (*see* Opinion and Order at pgs. 16-17, attached hereto as Exhibit 2) (Hon. Judge Hart).

As discussed above, the Seventh Circuit has repeatedly held that such allegations are sufficient to overcome any challenge to a supervisory liability claim. Furthermore, Plaintiff's allegations are sufficient to put Mayor Kellogg on notice of the claims against him. Accordingly, Defendant Kellogg's motion must be denied in its entirety.

**B.    It Is Plain From The Face Of Plaintiff's Complaint That Defendant Kellogg Is Being Sued In His Individual Capacity, And Therefore, These Claims Are Not Duplicative Of Any Claims Against The City Of Harvey And Should Not Be Dismissed**

Defendant Kellogg argues that to the extent that Plaintiff brings Count III of his First Amended Complaint against Mayor Kellogg in his official capacity, such claims must be dismissed as being redundant of the claims against the municipality. The face of the Complaint, however, is clear and unambiguous. The caption itself makes plain that Mayor Kellogg is being sued in his individual capacity. Accordingly, Count III and any allegations contained therein go directly to Mayor Kellogg as a supervisor in his individual capacity. Therefore, Count III is not duplicative of any municipal claims and must not be dismissed.

## CONCLUSION

For all the reasons argued above, Plaintiff has sufficiently pled his claims to defeat Defendant Kellogg's Motion to Dismiss. Furthermore, Plaintiff contends that he has adequately pled his claims pursuant to Rule 8, and therefore, a more definite

9

statement is not required.  Should this Honorable Court disagree, however, Plaintiff requests leave to amend his Complaint, pursuant to FRCP Rule 15(a), to amend any other aspect of Plaintiff's complaint deemed deficient by this Court. *See* Fed.R.Civ.P. 15(a) (leave to amend a pleading shall be "freely given when justice so requires."); *see also,* U.S. v. Hougam, 364 U.S. 310, 316-17 (1960).

WHEREFORE, for the aforementioned reasons, Plaintiff, DAVID JACQUES, prays that this Honorable Court deny Defendant Kellogg's motion in its entirety.


Dated:  August 5, 2008


            Respectfully submitted:

        By: Rachelle M. Sorg_____
           One of Plaintiff's Attorneys



Horwitz, Richardson & Baker LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603
Tel: (312) 676-2100
Fax: (312) 372-7076