IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JACQUES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No.  08 C 1168 |
| vs. ) | |
| ) | Hon. Judge Holderman |
| ) | |
| OFFICER ELZIA, in his individual capacity, ) | Magistrate Judge Nolan |
| CITY OF HARVEY UNKNOWN OFFICER, in ) | |
| his individual capacity; MAYOR ERIC KELLOGG, ) | |
| in his individual capacity; and THE CITY OF ) | |
| HARVEY, ILLINOIS, ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANT MAYOR ERIC KELLOGG'S REPLY TO MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT OR IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant, Mayor Eric Kellogg ("Mayor Kellogg"), by his attorneys, Joseph R. Marconi and Eydie R. Glassman, of the law firm Johnson & Bell, Ltd., in reply to Plaintiff's Response to Defendant Mayor Kellogg's Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative For a More Definite Statement, states as follows:

**I.**

**Plaintiff Has Failed To Set Forth A Claim Against Mayor Kellogg.**

Supervisory liability for an official will not lie unless the "conduct causing the constitutional violation deprivation occurs at [his] direction or with [his] knowledge and consent" *Gentry v. Duckworth,* 65 F.3d 55, 561 (7th Cir. 1995).  For alleged supervisors to be liable under section 1983, "supervisors must know about the conduct and facilitate it, approve, condone it, or turn a blind eye for fear of what they might see." "They must in other words act

either knowingly or with deliberate, reckless indifference." *Lanigan v. Village of East Hazel Crest, IL,* 110 F.3d 467 (7th Cir. 1997) (quoting *Jones v. City of Chicago,* 856 F. 2d 985, 992-93 (7th Cir. 1988)). Furthermore, there must be "some causal connection or affirmative link between the action complained about and the official" before liability under section 1983 attaches." *Gentry,* 65 F.3d at 561.

Plaintiff does not assert that Mayor Kellogg directly supervised the City's police officers or that he had any knowledge of the individual Defendant's alleged violent propensities. Nor does Plaintiff assert that Mayor Kellogg consented to the alleged conduct. Plaintiff additionally fails to allege any conduct of Mayor Kellogg that links him to the asserted constitutional violation. Plaintiff does not make such averments, because he is simply unable to do so within the confines of Rule 11.

For example, Plaintiff starts his Response to Kellogg's Motion to Dismiss by arguing, "*supervisory individuals* fail to take proper remedial actions against a city police officer once it is determined that an illegal act, an act of excessive force, false arrest and/or malicious prosecution has been committed by said officer." "This *practice and/or custom*, as alleged above, has gone unchecked and been allowed to exist in the City of Harvey for a significant period of time..." (emphasis added)

First and foremost, this allegation of Plaintiff's Complaint is specifically directed towards the City of Harvey and *not* Mayor Kellogg. (See Plaintiff's First Amended Complaint at paragraph 22, Docket No. 16, where Plaintiff alleges that the following acts and/or omissions are directed at the *City of Harvey."*)(emphasis added)). Moreover, these allegations are clearly and specifically made against the City of Harvey in support of Plaintiff's *Monell* claim. (See also Plaintiff's First Amended Complaint, paragraph 26, at Docket No. 16).

2

Even assuming *arguendo* that Plaintiff asserted such facts in support of any claim against Mayor Kellogg, which Plaintiff did not, the specific acts or omissions in support of such a claim were committed by unnamed *supervisory individuals* and not Mayor Kellogg. *Id.* at subparagraphs (a) through (c). The fact that these averments are directed towards the City of Harvey in general and not against Mayor Kellogg is further evidenced by Plaintiff's reference to the averments as a practice or custom and not anything that Mayor Kellogg did or did not do. (See also Plaintiff's First Amended Complaint, paragraph 23, at Docket No. 16, where Plaintiff asserts that such conduct was "consented to by superior *officers* of the City of Harvey").

As asserted in Mayor Kellogg's Motion to Dismiss, when a supervisor is sued in his or her individual capacity, the plaintiff must allege some type of personal involvement in order to state a claim against the supervisor. *Luck v. Rovenstine,* 168 F.3d 323, 327 (7th Cir. 1999).

While Plaintiff blindly cites to various alleged incidents of police misconduct in his Complaint, Plaintiff fails to show any causal connection between the incidents and Plaintiff's alleged injury. For example, how exactly does an unnamed officer being discharged from the National Guard for alleged use of marijuana, put Mayor Kellogg on notice that some other named officer would some day supposedly beat Plaintiff up? Such allegations are especially outlandish when the person the allegations are made against has no direct supervisory responsibility for any of the officers allegedly involved. *See Higgins v. Correctional Medical Services of Illinois,* 178 F.3d 508, 513-14 (7th Cir. 1999) (a section 1983 claim for supervisory liability, whether in an official capacity, requires and underlying constitutional violation by an officer who was subject to the defendant's supervision). Further, "courts have exacting standards for establishing supervisory officials' personal liability and hesitate to saddle supervisors with

responsibility for decisions they did not make." *Chapman v. Pickett,* 801 F.2d 912, 918 (7th Cir. 1986), *vacated,* 108 S.Ct. 54 (1987), *remanded,* 840 F.2d 20 (7th Cir. 1988).

Mayor Kellogg's supposed knowledge of some alleged unrelated acts or omissions of other unrelated officers, who are not even party to this matter, are hardly enough to establish a causal connection between said knowledge and the alleged acts of the individual officers in this case. Regardless, none of the aforementioned allegations are directed towards Mayor Kellogg, and consequently, Mayor Kellogg is properly dismissed from this case. At a minimum, a more definitive statement is required.

Based on the foregoing, Defendant Mayor Eric Kellogg, respectfully moves for entry of an order dismissing Plaintiff's First Amended Complaint against Mayor Kellogg, in its entirety, or in the alternative, a ruling under 12(e) requiring Plaintiff to provide a more particular statement.

    Respectfully submitted,

    Mayor Eric Kellogg

    By: s/Eydie R. Glassman

Joseph R. Marconi
Eydie R. Glassman
Gabriel R. Judd
JOHNSON & BELL, LTD.
33 W. MONROE, SUITE 2700
CHICAGO, ILLINOIS 60603
312/372-0770